José Vargas (Patrono), apelante, *v.* Comisión Industrial de Puerto Rico, Etc., demandada, y Manuel de Jesús Rodríguez (Obrero lesionado), apelados.

Núm. 228.—*Sometido:* Diciembre 1, 1941. *Resuelto:* Diciembre 23, 1941.

R. *Muñoz Ramos,* abogado del apelante; *A. D. Marchand Paz,* abogado del obrero lesionado, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El presente recurso ha sido interpuesto por el patrono José Vargas contra la resolución dictada por la Comisión Industrial en julio 7 de 1941, en la que se hacen los siguientes pronunciamientos:

1. Que en 12 de septiembre de 1940 el recurrente era un patrono que empleaba cuatro o más obreros, sin estar asegurado en el Fondo del Seguro del Estado, de acuerdo con la ley 45 de abril 18, 1935.

2. Que en la citada fecha, el obrero Manuel de Jesús estaba empleado por y al servicio de José Vargas.

3. Que en la fecha ya expresada el mencionado obrero sufrió un accidente, no constituyendo defensa para el patrono el que el obrero fuese culpable de negligencia contribuyente o que asumiera el riesgo de la lesión, "por cuanto el patrono no estaba asegurado en violación de la ley, y por lo tanto el accidente ocurrió en el curso del trabajo, como consecuencia del mismo y por una función inherente al trabajo"; y que el obrero tiene por tanto derecho a la protección y beneficios que provee la ley.

En apoyo de su recurso el patrono recurrente alega que la Comisión cometió error de derecho (*a*) al resolver en contra de la prueba, que en la fecha del accidente el recurrente era un patrono no asegurado que empleaba cuatro o más obreros en su panadería, (*b*) al resolver que el accidente ocurrió por una función inherente al trabajo, y (*c*) al dejar de resolver que el accidente ocurrió exclusivamente por la imprudencia temeraria del obrero.

Envolviendo los tres señalamientos cuestiones mixtas, de hecho y de derecho, se hace necesario un estudio detenido de la evidencia sometida a la Comisión Industrial.

Declaró el obrero lesionado: que el 12 de septiembre de 1940 él trabajaba como panadero en la panadería de José Vargas; que a las 8 de la noche de ese día terminó de tirar la masa de agua e iba a comer, pero la puerta de salir está dividida en dos partes en el medio, y tuvo que subirse para tirarse afuera; que había una estiba de arena a la parte de afuera y tuvo que subirse a un barril y el barril se tambaleó, cayendo con el brazo encima de la compuerta; que estuvo durante 28 días recluído en el Asilo de Damas, en Ponce, y le hicieron dos operaciones, pagando todos los gastos el Sr. Vargas; que el día del accidente trabajaban en la panadería, Isaías Cordero, maestrando, el lesionado Rodríguez, primer oficial, Ramón Lugo, como ayudante en la amasadora, y Juan Antonio Rodríguez, envolvedor del pan y ayudante en la masa cuando había oportunidad; que además trabajaban allí los que hacían dulces y galletas; que cuando terminaba la fabricación de dulces empezaba la elaboración de pan; que durante las horas del día hay entrada y salida por el despacho, pero no así durante las horas de la noche, cuando todo el mundo tiene que brincar por allí, por donde él trató de brincar y se cayó; que el sitio por donde trató de brincar no es precisamente una ventana, sino una puerta dividida en dos fracciones, quedando el dintel o borde de esa ventana a unos cuatro pies del piso; que todos los empleados tienen que brincar por allí para salir a la calle.

Repreguntado, contestó que el establecimiento tiene tres puertas que dan al frente, una de ellas tapada por un aparador, y por detrás tiene la ventana por donde trató él de brincar; que para salir del trabajo toda la gente tiene que tirarse por la ventana; que Isaías Cordero, el maestro de la panadería, hombre como de 60 años de edad, también tiene que saltar por allí; que hay una salida por detrás, para el garage, por la que se sale a la calle por el día, pero que esa puerta está cerrada por las noches; que había veces que él salía por el frente, cuando el frente estaba abierto; que la noche del accidente él salió por la ventana porque el frente estaba cerrado; que él tenía que regresar al trabajo media hora más tarde y que tenía que entrar por la ventana; que es cierto que en el momento del accidente una joven había llegado hasta el lado de la ventana a comprar pan; que no es cierto que él saltara por la ventana con el propósito de alcanzar a la joven para hablar con ella; que nunca se quejó al patrono de que se le obligase a salir por la ventana; que nunca se le prohibió que saltara por la ventana; que él sabía que había peligro y que el patrono también lo sabía.

Ramón Lugo declaró: que en la fecha en que ocurrió el accidente él no trabajaba en la panadería de Vargas, que solía ir allí a aprender el oficio y no ganaba nada; que en la panadería trabajaban solamente tres, el maestro Isaac Cordero, José Antonio Rodríguez, envolvedor, y el lesionado Manuel de Jesús Rodríguez, como oficial; que como a las siete y media de la noche, el lesionado había ya rendido su trabajo; que a esa hora todo estaba abierto, por el frente y por detrás y se podía salir a la calle; que llegó allí la joven Adelina Lugo a comprar pan y el lesionado al verla se subió sobre un barril que había allí y se cayó; que jura que las puertas estaban abiertas y que podía salirse por cualquiera de ellas; que el que le dió permiso para ir a la panadería como aprendiz fué el maestro Cordero, que es su amigo, y no el patrono, pues éste no quería que allí fueran muchachos a aprender; que él iba a la panadería

como de seis y media a siete de la noche y estaba allí hasta las 8 u ocho menos cuarto aprendiendo a hacer pan; que los empleados salían de noche por la puerta del garage, pues el maestro carga una llave de esa puerta y al uno querer salir llama al maestro y él le abre; que allí habían prohibido que brincaran por la ventana.

Luis Pérez, declaró que en la fecha del accidente él trabajaba como ayudante de José Vélez, el chófer de la guagua y entraba a la panadería para cargar la guagua de pan; que vió allí trabajando a Cordero, a Manuel de Jesús, el lesionado, a Ramón Lugo, que era el envolvedor de pan, y a Juan Antonio Rodríguez, que era el que pesaba el pan; que conoce el sitio donde ocurrió el accidente, que es una puerta dividida por la mitad y que de la única manera que se puede salir por allí es brincando; que él saltó una vez por allí y le dieron la queja al patrono y éste le llamó la atención; que cuando él iba de noche a la panadería entraba por el frente y cuando estaba cerrado el frente entraba por detrás, pidiéndole la llave al maestro; que allí no se acostumbraba saltar por la ventana para salir de la panadería.

Isaías Cordero, declaró: que en la fecha del accidente él trabajaba en la panadería de Vargas como maestro y que él era el último que salía de la panadería; que Ramón Lugo trabajaba allí como aprendiz; que lo que gana Ramón Lugo se lo paga él, como su ayudante, y que Lugo no es empleado de Vargas; que presenció el accidente ocurrido a Manuel de Jesús Rodríguez; que éste le dijo: "Maestro, déme media libra de pan, que voy a comer" y él se la dió; que en ese momento llegó allí la joven Angelina y gritó: "Media libra de pan," y al oírla, Manuel de Jesús trató de salir por la ventana, poniendo un barrilito para treparse, y se cayó; que el barrilito estaba en otro sitio y él lo haló y lo puso allí para saltar; que él hizo eso mismo otra vez para ir a ver a Angelina y el dueño le llamó la atención y entonces se le puso candado, porque la orden era pasar por detrás; que él nunca ha saltado por el sitio ese por donde quiso saltar

el lesionado, que él siempre sale por un portón que hay y del cual él tenía la llave que le dió el dueño; que un día el lesionado Rodríguez brincó por la ventana y él lo llamó y le dijo: "No brinques por ahí; don Pepe no quiere"; que don Pepe también se lo dijo en su presencia; que el día del accidente había tres personas empleadas en la panadería; que siempre ha habido tres; que el único negocio que tenía el Sr. Vargas era el de pan y que el negocio de dulces y galletas que hacían una vez a la semana era del Sr. Panelli; que la orden del patrono de que no se saltara por la ventana se cumplía estrictamente, pues ni él que era el maestro podía hacerlo; que cuando por la noche quería salir alguno de los empleados, él le daba la llave y el empleado se la devolvía al que quedaba liando pan; que la puerta del frente se cerraba a las nueve o las diez de la noche, pero a las 7½ u 8 estaba abierta; que en el momento en que Rodríguez trató de tirarse por la ventana, la puerta del frente estaba abierta y él pudo haber salido por allí, pero vino esa joven a comprar pan y él se volvió loco y se tiró y se cayó.

Antonio Vargas Rodríguez, declaró que el día del accidente trabajaba allí como panadero; que vió cuando llegó allí la muchacha a comprar pan y cuando el lesionado haló el barril, se trepó y cayó; que cuando eso ocurrió la puerta del frente estaba abierta; que la muchacha fué por detrás y no por delante porque la taquilla de vender pan caliente queda por detrás; que el lesionado es su sobrino; que cuando los empleados acaban de trabajar salen a la calle por un portón que hay atrás, que el maestro carga la llave.

José Vargas, el patrono, declaró que él solo tiene negocio de panadería y no tiene nada que ver con la dulcería; que en la noche del accidente sus empleados eran tres, Isaac Cordero, Antonio Vargas y el lesionado; que en esa fecha Ramón Lugo no era empleado suyo; que sus empleados no salían por la ventana, al contrario, que él suspendió a un muchacho que quiso brincar por la ventana; que él prohibió que salta-

ran por allí; que una vez el maestro Cordero le dió la queja de que el lesionado había saltado por la ventana y él le llamó la atención y le dijo que no lo volviese a hacer pues podía darse un golpe, y, además, que con eso le daba mal ejemplo a los demás; que en el momento en que ocurrió el accidente la puerta del frente estaba abierta; que las relaciones entre él y el lesinado han sido siempre cordiales.

De acuerdo con el artículo 2 de la "Ley de Compensaciones por Accidentes del Trabajo," ley núm. 45 de 1935, el requisito esencial para que el obrero tenga derecho a reclamar compensación, al Fondo del Estado o al patrono no asegurado, es que las lesiones o la pérdida de vida provengan de cualquier acto o función inherente al trabajo o empleo y que ocurran en el curso de éste y como consecuencia del mismo. Cuando ese requisito ha sido cumplido, el patrono, tanto el asegurado como el no asegurado, sólo podrá interponer las defensas enumeradas en el artículo 4 de la citada ley. Cuando el accidente es compensable de acuerdo con el artículo 2, el patrono, ya esté o no asegurado, no podrá alegar como defensa la negligencia contribuyente del obrero o que éste asumió el riesgo de la lesión; pero uno y otro pueden alegar la defensa de que la imprudencia temeraria del obrero fué la única causa de la lesión. Véase el artículo 4 en relación con el artículo 15 de la citada ley.

A nuestro juicio, la conclusión a que llegó la Comisión Industrial, de que "el accidente ocurrió en el curso del trabajo, como consecuencia del mismo y por una función inherente al trabajo," es claramente errónea y no puede ser sostenida. A la hora en que ocurrió el accidente ya el trabajo había terminado. El saltar por la ventana no era una parte o función del trabajo que el lesionado estaba obligado a realizar. No solamente no se le obligó a saltar por aquella ventana, si que se le prohibió expresamente que lo hiciera; y, además, el lesionado pudo haber salido por la puerta trasera, pidiendo la llave al maestro, o por la del frente que en esos momentos estaba abierta. Si el lesionado

prefirió saltar por la ventana, en contravención de las órdenes expresas del patrono, para llegar más pronto a la calle, al hacerlo así se hizo culpable de imprudencia temeraria, y siendo ésta la única causa de la lesión no puede imputarse responsabilidad alguna al patrono.

*Por las razones expuestas debe revocarse la resolución recurrida.*