Rafael de J. Cordero, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* La Comisión Industrial de Puerto Rico, compuesta por F. Paz Granela y Juan M. Herrero, Comisionados Asociados, demandada, y José Rafael Rosario, Obrero.

Núm. 248.—*Sometido:* Julio 15, 1942. *Resuelto:* Julio 31, 1942.

Hon. *Procurador General George A. Malcolm, G. Benítez Gautier, Procurador General Auxiliar, G. Atiles Moréu, Ángel de Jesús Matos y J. Correa Suárez,* abogados los tres últimos del Fondo del Estado, abogados de la demandada; *Ortiz Toro & Ortiz Toro* y

*Elí Beléndez García,* abogados de los presuntos beneficiarios del obrero fallecido, peticionarios ante el Fondo del Estado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Este es un recurso de revisión interpuesto por el Administrador del Fondo del Seguro del Estado contra la decisión de la Comisión Industrial en el caso del obrero José Rafael Rosario.

Practicada la investigación de ley, el Administrador el 30 de diciembre de 1941 resolvió el caso como sigue:

"El obrero José Rafael Rosario sufrió un accidente que ocurrió de la siguiente manera: el obrero trabajaba para la Arundel Corporation la noche del día 10 de enero, siendo aproximadamente las 12:00 p.m. Venía de su trabajo en el estribo del carro que conducía el continental Sr. Smith. Otros trabajadores de la misma corporación venían en un *truck.* Era costumbre del patrono conducir a los obreros del trabajo a esas horas de la noche hasta un sitio conveniente para que los mismos regresaran a sus casas. El obrero José Rafael Rosario abandonó el estribo del carro en que venía y mientras abordaba el truck en que iban los otros obreros, el cual había ya emprendido la marcha, resbaló cayéndose al suelo, y dando motivo a que las ruedas traseras del truck le pasaran por encima. Con motivo de este accidente el obrero falleció el 14 de enero de 1941. Certificó su muerte el Dr. M. A. Godínez como ocurrida a consecuencia de la 'fractura de la base del cráneo complicada con meningitis supurada.'

"De un detenido estudio de la prueba testifical que obra en el expediente, surge el hecho evidente de que la muerte de este obrero ocurrió como consecuencia de haber asumido un riesgo adicional a los inherentes a su trabajo al intentar abordar el truck una vez éste había iniciado su marcha. En tales circunstancias debe llegarse a la conclusión de que este caso no está comprendido dentro de los amparados por la vigente Ley de Compensaciones por Accidentes del Trabajo y así lo resuelve el Administrador."

No conformes Demetrio Rosario Díaz y su esposa María Lugo, padres del obrero fallecido, apelaron para ante la Comisión Industrial, a la que se sometió el caso mediante la siguiente estipulación:

''Comparecen ante esa Hon. Comisión los abogados que suscriben, Jorge Ortiz Toro y Elí Beléndez García en representación del bufete de Ortiz Toro y Ortiz Toro, y Guillermo Atiles Moréu en representación del Fondo del Estado, y respetuosamente someten la siguiente estipulación:

''1. Que los Lcdos. Ortiz Toro y Beléndez a los fines exclusivamente de plantear una cuestión de derecho aceptan como cierta la conclusión a que ha llegado la Administración del Fondo del Estado en el sentido de que el obrero occiso José Rafael Rosario intentó abordar el truck cuando éste se encontraba en marcha.

''2. Que aceptan este hecho . . a los fines de evitar innecesario consumo de tiempo en celebrar una vista pública y por creer que el derecho a compensación que corresponde a los peticionarios es independiente de cualquier riesgo que hubiera asumido el obrero.

''3. Que los abogados de ambas partes han convenido en someter este caso a la resolución de esta Hon. Comisión, y aceptar a los efectos de determinar previamente la cuestión legal consabida que el obrero interfecto abordó el camión mientras iniciaba su marcha, entendiéndose que si esta Comisión llegase a la conclusión de que tal estado de hecho como cuestión de derecho impide el derecho a una indemnización, que se fije una vista subsiguiente para que los peticionarios puedan presentar su prueba demostrativa de que el obrero abordó el vehículo mientras estaba parado.''

La Comisión el 1 de junio de 1942 resolvió ''que el obrero José Rafael Rosario perdió la vida por un accidente que le provino de un acto o función inherente a su trabajo, le ocurrió en el curso de éste y como consecuencia del mismo, por lo que es compensable de acuerdo con el artículo 2 de la Ley núm.. 45 de abril 18 de 1935.''

Pedida reconsideración, fué negada, recurriendo el Administrador en revisión para ante este tribunal. Señala tres errores como cometidos por la Comisión al resolver que el accidente ocurrido al obrero después de abandonar el medio provístole por el patrono para salir del lugar del trabajo, ocurrió en el curso y con motivo de su empleo; al resolver que el abordar el truck en marcha, en la calle, fuera de los ''premises,'' no constituía un riesgo adicional, y al resolver que la adición por el obrero de un riesgo no contemplado por el contrato de trabajo no lo coloca fuera del curso del empleo.

Expedido el auto, ambas partes fueron oídas el quince de este mes. La situación como puede verse, si bien tiene puntos de contacto, es en realidad distinta a la que presentaba el caso de *Guillot* v. *Comisión,* resuelto el ocho de julio en curso (ante, pág. 674).

Aquí como allí el accidente ocurrió fuera de los "premises" del patrono al regresar de su trabajo el obrero, pero aquí el patrono proporcionaba al obrero medios de transportación y fué al tratar de usarlos que encontró la muerte el obrero, mientras que en el caso de *Guillot* el obrero regresaba por su propia cuenta y al salir a la carretera pública quedó en igualdad de condiciones que los demás ciudadanos que por ella transitaban.

Resumiendo la jurisprudencia sobre la materia, dice Corpus Juris:

"Cuando el empleado sufre lesiones mientras va o viene de su empleo en un vehículo proporcionado por el patrono, 'la responsabilidad del patrono . . . depende de si el vehículo es proporcionado por él, después del verdadero comienzo del empleo, de conformidad con uno de los términos tácitos o expresos del contrato de empleo, para el uso exclusivo de los empleados, y es uno que los empleados están obligados, o como cuestión de derecho les está permitido, a usar por virtud de ese contrato.' De conformidad se sostiene que son compensables lesiones sufridas por un empleado mientras es conducido a o de su trabajo en un vehículo proporcionado por el patrono de acuerdo con un término expreso o tácito del contrato de empleo, . . ." 71 C. J. 722, sección 446.

Se admite por el Administrador recurrente que si el accidente hubiera ocurrido dentro de los "premises" del patrono, irrespectivamente de si el obrero había sido o no negligente, sería compensable, pero se sostiene que habiendo sucedido fuera, no lo es.

No cabe la distinción, dadas las circunstancias que en el caso concurren. La teoría de la asunción de un riesgo adicional no está bien fundada, a nuestro juicio. Aunque no está distintamente dicho en la declaración de hechos proba-

dos del Administrador, aceptada por la estipulación, puede deducirse que el obrero tomó el auto del señor Smith en el mismo sitio de su trabajo, con el fin de alcanzar el truck del patrono, siendo por lo tanto de poca trascendencia que abordara el truck fuera de dicho sitio. ■ En casos de esta naturaleza debe hacerse todo lo que sea posible para que los fines de la ley se cumplan, aplicando sus preceptos con liberalidad. Aceptando que el caso puede calificarse de dudoso, creemos que la duda debe resolverse en favor de la compensación, ya que el riesgo de accidentes ocurridos durante el transporte fué uno tomado en consideración. Véase *Cardona v. Comisión Industrial,* 56 D.P.R. 847.

*Debe declararse no haber lugar a revocar las resoluciones recurridas, devolviéndose a la Comisión el expediente por ella remitido.*