MANUEL MARIO MARCANO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

Núm. 304.—*Sometido:* Abril 10, 1944. *Resuelto:* Abril 26, 1944.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del recurrente; *Angel de Jesús Matos, J. Correa Suárez* y *A. Sandín del Manzano,* abogados del Fondo del Estado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Ésta es una solicitud de revisión contra una resolución de la Comisión Industrial resolviendo que el peticionario no tenía derecho a compensación toda vez que el accidente en cuestión ocurrió únicamente debido a la imprudencia del peticionario (Artículo 4 Ley núm. 45, Leyes de Puerto Rico 1935 (1) pág. 251).

■ El peticionario fué lesionado al tratar de abordar una guagua. El fundamento de la decisión de la Comisión consistió en que el peticionario fué imprudente en el sentido estatutario al tratar de abordar una guagua en marcha.[1] Recientemente decidimos un caso algo similar. En dicho caso el Administrador resolvió que el obrero "abandonó el estribo del carro en que venía y mientras abordaba el *truck* en que iban los otros obreros, *el cual había ya emprendido la marcha,* resbaló cayéndose al suelo, y dando motivo a que las ruedas traseras del truck· le pasaran por encima." (*Cordero, Administrador* v. *Comisión Industrial,* 60 D.P.R. 873; bastardillas nuestras). Por tanto el Administrador concluyó que (pág. 874) "la muerte de este obrero ocurrió como consecuencia de haber asumido un riesgo adicional a los inherentes.a su trabajo al intentar abordar el *truck* una vez éste había iniciado su marcha", y que en su consecuencia el accidente no era compensable.

La Comisión revocó la decisión del Administrador y resolvió que el accidente era compensable. Revisamos la resolución de la Comisión y la confirmamos. Cierto es que el punto que mereció la principal atención de esta corte en el caso de *Cordero* fué si el hecho de que el obrero hubiera abordado un truck suministrádole al obrero fuera de los dominios (*premises*) del patrono, tenía efecto legal alguno 'en dicho caso. Pero allí también estaba envuelto expresamente y esta corte lo decidió, el punto de que abordar un vehículo

---

[1]" . . . Creemos que· el accidente ocurrió al intentar Marcano abordar la guaga mientras ésta venía en marcha con el impulso que traía de la pendiente que hay en la calle Morell Campos, por cuya ruta venía dicha guagua. Marcano no tenía necesidad de correr o saltar a coger la guagua. Asumiendo que no se le hiciera señal alguna, él debió haber esperado que ésta parase para montarse. Si él lo hubiera hecho, no ocurre el accidente. Es obvio que es peligroso montar a una guagua mientras está en marcha. Si allí había una parada oficial, la guagua tenía que detenerse y ése era el momento oportuno para abordarla. Marcano se anticipó porque era la hora del "rush" y allí había otras personas esperando. El optó por abordar la guagua corriendo para coger un asiento antes que otro lo hiciera, e incurrió así en imprudencia temeraria, siendo ésta la causa verdadera del accidente. Véase *Vargas* v. *Comisión Industrial,* 59 D.P.R. 629."

destinado al transporte de obreros, mientras el mismo está en marcha, no es *ipso facto* un riesgo adicional asumido por el obrero—en otras palabras, no es un accidente causado únicamente por la imprudencia del obrero—impidiéndole recibir compensación por un accidente proveniente de esto.

Esta corte no puede y no intervendrá con las conclusiones de hecho de la Comisión. Pero aun aceptando los hechos tal como la Comisión los halló probados, como cuestión de derecho estamos obligados a resolver que el caso de *Cordero* es de aplicación al presente, y que el accidente del peticionario era compensable.[2]

Se admite que el peticionario era un Inspector del Departamento de Sanidad y que fué lesionado en el curso de su empleo al tratar de abordar una guagua de la White Star Bus Line cuando regresaba de un viaje oficial. El peticionario esperaba la guagua, junto a muchas otras personas, a la hora del "rush" en una de las paradas regulares de la compañía. Al acercarse a la parada, la guagua redujo la velocidad a 5 ó 10 millas por hora. El peticionario no esperó à que estuviera totalmente parada, sino que intentó abordarla mientras todavía estaba en marcha. Resbaló y cayó bajo la guagua, pasándole las ruedas por encima, lesionándolo. Si al peticionario se le pudiera denegar compensación por negligencia contribuyente, vacilaríamos en intervenir con el criterio de la Comisión en este caso. Pero para poder la Comisión haber llegado al resultado a que llegó, era necesario que resolviera que el accidente fué ocasionado exclusivamente por la imprudencia del peticionario.

En el caso de *Cordero* resolvimos como cuestión de derecho sobre hechos similares, que no se había establecido la imprudencia exigida. Es difícil, si no imposible, forjar

---

(2) Enfatizamos que no estamos revisando las conclusiones de hecho de la Comisión Industrial. Pero es nuestro deber determinar si la Comisión ha aplicado correctamente la ley a los hechos tal como los halló probados. A ese respecto, por lo menos, nuestra función es similar a aquella ejercida por nosotros al revisar sentencias de las cortes de distrito. (*Pérez Mercado* v. *Picó*, resuelto el 12 de abril de 1944, ante, pág. 401).

una regla general que rija tales casos. Los tomos están repletos de casos en los cuales las cortes han tratado de formular una regla que guíe a las comisiones industriales bajo tales circunstancias.[3] En análisis final, cada caso depende de sus propios hechos. Basta decir aquí que el presente está controlado obviamente por el de *Cordero*[4] más bien que por el de *Vargas* v. *Comisión Industrial,* 59 D.P.R. 629 en el que descansó la Comisión.

*La resolución de la Comisión será revocada y se devolverá el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Presidente Sr. Travieso no intervino.

---

[3] Véanse casos en 45 Words and Phrases, Permanent Edition, pág. 302 y siguientes.

[4] *Cf. Umpierre* v. *Comisión Industrial,* 52 D.P.R. 765; *Cardona* v. *Comisión Industrial,* 56 D.P.R. 847.