GUILLERMO ATILES MORÉU, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., y SUCN. JUAN NAZARIO RÍOS, recurrida; CENTRAL JUANITA, patrono.

Núm. 405.—*Sometido:* Marzo 1, 1949. *Resuelto:* Abril 14, 1949.

*A. de Jesús Matos, M. Maldonado Pacheco* y *Aída Casañas Marengo,* abogados del recurrente; *Herminio A. Concepción* y *Gilberto Concepción de Gracia,* abogados de la sucesión recurrida.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Central Juanita tenía un contrato con Antonio Guardarrama, de conformidad con el cual el segundo transportaba hasta los muelles la azúcar producida por la Central. Los camiones se cargaban por los empleados de la Central.

Una vez cargado el último camión, los empleados de la central que realizaban esta labor acostumbraban abordar el mismo para ir al pueblo.

Juan Nazario Ríos era empleado de la Central para cargar azúcar en los camiones de Guardarrama. Trabajaba en un turno de 6 de la mañana a 2 de la tarde. El 6 de junio de 1947, terminada su labor, se cambió de ropa. El último camión cargado por su turno estaba estacionado dentro de los terrenos de la Central frente a la oficina, esperando la necesaria documentación.

El capataz de Nazario y sus compañeros de trabajo abordaron el camión con el fin de ir al pueblo, siguiendo la costumbre antes dicha. Al cargar el camión habían dejado espacio en la plataforma para ellos. En el momento en que Nazario trataba de abordar el camión, éste inició su marcha. Nazario resbaló, cayó al suelo y el camión le pasó por encima causándole la muerte. Expedimos el auto a solicitud del Administrador, para revisar la resolución de la Comisión Industrial concediéndole compensación a su beneficiaria.

■ Aquí el accidente ocurrió en los terrenos del patrono. Sin embargo, en este caso no tenemos que basar nuestra decisión en ese hecho únicamente. Véase *Cordero, Admor.* v. *Comisión Industrial,* 61 D.P.R. 43. Hemos resuelto que son compensables los accidentes que ocurren mientras los empleados son transportados hacia o del trabajo en un vehículo proporcionado por el patrono de conformidad con una disposición del contrato de empleo expresa o implícita. *Cordero, Admor.* v. *Comisión Industrial,* 60 D.P.R. 873; véase *Marcano* v. *Comisión Industrial,* 63 D.P.R. 502. El mismo principio se aplica cuando existe tácita aquiescencia de parte del patrono a la costumbre de abordar los camiones de los subcontratistas. *Hunter* v. *Summerville,* 169 S.W.2d 579 (Ark., 1493); *In re Jensen,* 178 P.2d 897 (Wyo., 1947); *In re Donovan,* 104 N.E. 431 (Mass., 1914); Horovitz, *Current Trends in Workmen's Compensation,* págs. 677–79. Toda

vez que la Comisión resolvió, basada en suficiente evidencia, que se había establecido una costumbre con la aquiescencia del patrono mediante la cual los empleados de la Central que cargaban los camiones de Guardarrama regresaban al pueblo en el último camión, es compensable un accidente que ocurre, como aquí, en relación con tal transportación.(¹)

El Administrador también sostiene que el accidente no era compensable porque Nazario infringió la sección 5, inciso 3, de la Ley núm. 112, Leyes de Puerto Rico, 1939, (pág. 581), cierta reglamentación de Seguridad Industrial promulgada por el Departamento del Trabajo, y la Ley de Tránsito. Esta contención no se le presentó a la Comisión y en consecuencia las partes no tuvieron oportunidad de presentar evidencia en relación con la misma. Levantándose ahora por primera vez en revisión, no puede ser considerada por nosotros.

*La resolución de la Comisión Industrial será confirmada.*

---

(¹)Notamos que este caso no envuelve una línea regular de transporte que no tiene conexión alguna con el patrono y a la cual se le permite que espere en los terrenos de éste a sus empleados en calidad de presuntos pasajeros mediante paga. Es innecesario que nos detengamos a determinar si trataríamos dicho caso en forma diferente.