RAMÓN MONTANER, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta por los Sres. MANUEL LEÓN PARRA, Presidente, y F. PAZ GRANELA y JUAN M. HERRERO, Comisionados Asociados, recurrida; y CLEMENCIA OLESA, peticionaria ante la Comisión.

Núm. 28.—*Sometido:* Abril 18, 1938. *Resuelto:* Mayo 13, 1938.

*Hon. Procurador General B. Fernández García, E. de Aldrey, Procurador General Auxiliar* y *Luis Negrón Fernández,* abogados del recurrente; *Ismael Soldevila,* abogado de la peticionaria ante la Comisión.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los hechos de este caso, tal como aparecen expuestos en la resolución recurrida, son los siguientes:

"Alberto Ross Olesa, conocido también por Alberto Olesa, desde hacía año y medio o dos antes de su muerte, venía desempeñando en la West India Oil Co. el puesto de celador o sereno de los edificios y solar que dicha Compañía posee en esta ciudad de San Juan con las colindancias siguientes: por el norte con la calle San Agustín; por el este con la calle Carlos Frías; y por el sur con la vía del ferrocarril, encontrándose muy cerca de este terreno el barrio Miranda, el Muelle San Antonio y otros muelles más adyacentes. Los deberes de su cargo como tal celador, los desempeñaba dentro de este predio de terreno circundado por una cerca de seis o siete pies de altura al que se penetraba por un portón de rejas de hierro. Los serenos eran dos: el interfecto y otro de nombre José Laureano, encargándose uno de la custodia de las oficinas, y el otro que en la noche de autos era Alberto Olesa extendía su vigilancia al solar y a la parte exterior de las oficinas, garages de los *trucks* y tanques de gasolina, etc. El día 15 de julio de 1936, a los 9:00 de la noche ambos celadores o serenos se hallaban en funciones de sus respectivos cargos, cuando un Policía Insular de nombre Juan José Montoyo llegó procurando a Alberto Olesa y entrando dentro de los límites del solar encargado al celo de los dos serenos nombrados, entabló conversación con Olesa tratando de venderle un revólver, y cuando se encontraban en estos tratos inopinadamente se disparó el revólver objeto del contrato, yendo la bala a herir mortalmente a Olesa. El Policía Insular, al ver caer a su interlocutor, perdiendo la serenidad se levantó la tapa de los sesos en aquel mismo momento."

El Administrador del Fondo del Estado desestimó la petición formulada por la señora Clemencia Olesa, madre del difunto, por entender que el accidente en el que perdió su

vida Alberto Ross Olesa no era compensable de acuerdo con la ley.

Apelado el caso para ante la Comisión Industrial de Puerto Rico, ésta dictó su resolución revocando la del Administrador del Fondo del Estado y sosteniendo:

1, Que la lesión que causó la muerte de Olesa provino de un acto inherente al empleo del lesionado.

2. Que la lesión ocurrió en el curso del empleo de Olesa.

3. Que la lesión ocurrió como consecuencia del empleo del lesionado.

4. Que el difunto Olesa mantenía con su salario a su madre Clemencia Olesa, mujer de edad avanzada y viuda, la cual debe ser declarada beneficiaria del obrero occiso.

Solicitada la reconsideración y denegada ésta por la Comisión Industrial, el Administrador del Fondo del Estado interpuso el presente recurso de revisión. Los errores imputados a la comisión pueden refundirse así:

La comisión erró al resolver que el accidente era compensable; que la compra de un revólver era un acto o función inherente al empleo de celador; que el accidente ocurrió como consecuencia del empleo; y que debía presumirse que el empleo de celador requiere el uso de un arma de fuego.

Consideremos dichos señalamientos a la luz de las disposiciones del artículo 2 de la "Ley de Compensaciones por Accidentes del Trabajo" (Ley núm. 45 de 18 de abril de 1935), que lee así:

"Artículo 2.—Las disposiciones de esta Ley serán aplicables a todos los obreros y empleados que trabajen para los patronos a quienes se refiere el párrafo siguiente, que sufran lesiones o se inutilicen o que pierdan la vida por accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo y que ocurran en el curso de éste, y como consecuencia del mismo . . .''

De acuerdo con el lenguaje claro del estatuto, tres son los requisitos que deben concurrir para que un accidente sea compensable. La lesión debe (a) ser el resultado de un acto o función inherente al empleo, (b) haber ocurrido en el curso

del empleo, y (*c*) ser consecuencia del empleo. Si faltare uno de esos requisitos, el accidente no sería compensable.

¿Era la compra de un revólver un acto o función inherente al empleo de celador? La Comisión Industrial sostuvo que lo es, porque a su entender un sereno o celador no puede desempeñar debidamente las funciones de su cargo si no tiene un arma de fuego para defenderse y para defender la propiedad de su patrono. No estamos conformes con el criterio de la Comisión.

Del récord del caso aparece que como cinco años antes del accidente la West India Oil Company recogió las armas de fuego que ella misma había entregado a sus dos celadores, expresando así su deseo de que sus celadores no estuviesen armados; y que el difunto Alberto Ross Olesa hacía como un año que estaba como celador de dicha compañía, desempeñando su cargo durante todo ese tiempo sin portar sobre su persona un arma de fuego. No existe evidencia alguna que demuestre que la compañía exigiera a sus celadores que estuviesen armados mientras ejercían las funciones de su cargo. Y no estamos convencidos de que para custodiar un patio o almacén sea absolutamente necesario que el celador lleve sobre su persona un arma de fuego. La mejor prueba de ello es que durante un año entero el celador Ross cuidó de las propiedades de su patrono sin tener necesidad de armas.

Aplicando la ley a los hechos probados y admitidos por ambas partes, tenemos que llegar a la conclusión inevitable de que el desgraciado accidente que causó la muerte de Alberto Ross y Olesa no provino de la realización de acto alguno inherente al de su empleo de celador, ni ocurrió en el curso de dicho empleo ni como consecuencia del mismo; y que la comisión erró al resolver que dicho accidente era compensable.

*Debe revocarse la resolución recurrida.*