GUILLERMO ATILES MORÉU, EN SU CARÁCTER DE ADMINISTRADOR DEL FONDO DEL ESTADO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, y PEDRO J. ARROYO, obrero lesionado.

Núm. 316.—*Sometido:* Mayo 1, 1944. *Resuelto:* Junio 16, 1944.

Hon. *Procurador General Interino M. Rodríguez Ramos, G. Benítez Gautier, Procurador General Auxiliar, y Joaquina Pérez Cordero, Angel de Jesús Malos, Joaquín Correa Suárez y A. Sandín del Manzano,* abogados los cuatro últimos del Fondo del Estado, abogados todos del recurrente; *Virgilio Brunet,* abogado del obrero lesionado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

La presente es una solicitud del Administrador del Fondo del Estado para que revisemos una resolución de la Comisión Industrial concediendo compensación al empleado aquí envuelto, profesor de instrucción pública. Los hechos no están en controversia. La única cuestión en el caso es si el empleado sufrió lesiones en el curso de su empleo.

Pedro J. Arroyo era un profesor que tenía dos contratos con el Departamento de Instrucción. De conformidad con un contrato, enseñaba en el pueblo de Peñuelas. Sus deberes lo retenían en dicho pueblo, donde estaba obligado a vivir, hasta cerca de las cinco de la tarde. Su otro contrato era enseñar por la noche de 7 a 9 en una escuela rural que estaba como a cuatro kilómetros de su residencia. Para llegar a esta escuela rural, Arroyo tenía que viajar por una carretera pública en la que no había ninguna forma de transportación pública—ni aun los "carros públicos". Por tanto, hacía el viaje de ida y vuelta en su propia bicicleta.[1] Una noche como a las 9:15, después de haber terminado sus labores, y al regresar a su casa en la bicicleta, ésta patinó y Arroyo se fracturó su brazo izquierdo.

██ Hemos resuelto, de conformidad con la regla general en otras jurisdicciones, que el ir y venir del trabajo, bajo circunstancias ordinarias, no es una actividad realizada en el curso del empleo, y por lo tanto, las lesiones así recibidas no son compensables (*Guillot* v. *Comisión Industrial*, 60 D.P.R. 674. Al mismo efecto, *Patton Park* v. *Anderson*, 51 N.E. (2d) 877, 881; *Voehl* v. *Indemnity Ins. Co.*, 288 U.S. 162, 169; Campbell, *Workmen's Compensation*, Vol. I. Sec. 163, págs. 146–9). Pero dichos casos no son aplicables aquí. A causa de los hechos aquí envueltos, nos viene a la mente

[1] El principio enunciado en *Cordero, Admor.*, v. *Comisión Industrial*, 60 D.P.R. 873, no está aquí envuelto, toda vez que el patrono ni suministra ni paga por la transportación de sus obreros para ir y venir del trabajo.

otro principio, expuesto al discutir una situación algo dife-
rente en *Bacó* v. *Comisión Industrial*, 52 D.P.R. 866. Es de-
cir, "si el trabajo a realizarse por el empleado crea la ne-
cesidad del viaje, él está en el curso de su empleo . . . "[2]
mientras realiza el viaje.

Hacemos constar claramente que no resolvemos que si un
empleado tiene dos colocaciones diferentes con patronos di-
ferentes en dos pueblos, serían compensables las lesiones re-
cibidas mientras viaje de un pueblo a otro. Pero cuando,
como ocurre aquí, el mismo patrono a sabiendas dispone que
el empleado trabajará durante el día en un sitio—donde de-
berá residir—y en otro sitio durante la noche, su situación
es comparable, por lo menos al viajar hacia y de regreso de
dicha colocación nocturna, a la situación de un mecánico
viajante o inspector, quien debido a su trabajo tiene que ir
a diferentes sitios a cumplir con sus deberes.

Nos damos cuenta del peligro de apartarnos de la regla
de "ir y venir". No creemos que este caso abra las puer-
tas a la desviación de dicha regla. Sólo resolvemos que el
profesor, de conformidad con estas circunstancias específicas,
tenía, por lo menos en cuanto a su trabajo nocturno, una
ocupación que le exigía el viaje como parte de la misma, y
no simplemente ir al trabajo y regresar a la casa.

*La resolución de la Comisión Industrial será confirmada.*

---

(²)*Bacó* v. *Comisión Industrial*, supra, a la pág. 872, citando del Juez Car-
dozo en *Marks' Dependents* v. *Gray*, 167 N.E. 181, 182 (N. Y., 1929).