Guillermo Atiles Moréu, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* La Comisión Industrial de Puerto Rico, Etc., demandada y María P. de Jesús, lesionada.

Núm. 341.—*Sometido:* Febrero 5, 1945. *Resuelto:* Marzo 5, 1945.

*A. de Jesús Matos, J. Correa Suárez* y *A. Sandín del Manzano,* abogados del Fondo del Seguro del Estado, abogados todos del recurrente; *Virgilio Brunet,* abogado de la lesionada.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El Administrador del Fondo del Seguro del Estado nos pide que revisemos y dejemos sin efecto la resolución dictada en noviembre 13 de 1944 por la Comisión Industrial, declarando compensable el accidente sufrido por la profesora María P. de Jesús, por considerar que el mismo había ocurrido durante el curso y como consecuencia del trabajo que realizaba la peticionaria.

■■ Los hechos, según aparecen del récord taquigráfico de la vista celebrada ante la Comisión, son como sigue:

La señorita María P. de Jesús fué contratada por el Departamento de Instrucción Pública para trabajar como profesora en una escuela en el barrio "Guzmán Arriba", del municipio de Río Grande. Por no haber en dicho barrio un sitio donde pudieran hospedarse los profesores, la peticionaria y sus compañeros tomaban por las mañanas en Río Grande un automóvil que les conducía hasta un punto en la carretera en donde montaban a caballo o seguían a pie por una distancia de tres kilómetros, hasta llegar a la escuela; y por las tardes regresaban a Río Grande en donde tenían establecidas sus residencias.

Darío Franqui, chófer del automóvil que había de conducir a la peticionaria a la escuela el día del accidente, declaró que él fué a buscarla por la mañana temprano, como a las 7:15, y paró el carro como a doce o quince metros de la casa; que en esos días no se podía pasar porque habían hecho un zanjón para poner un cable y la tierra estaba un poco alta y había llovido; que cuando la señorita de Jesús estaba llegando al pie del carro resbaló y aunque él trató de aguantarla cayó al suelo y un zinc que había en aquel sitio la cortó; que ella se cayó en el momento en que le echaba mano a la puerta del carro; que ella llevaba un montón de libros y libretas, una carpeta y una capa de agua, pues estaba lloviznando.

La peticionaria empezó su declaración haciendo una relación detallada de sus actividades cotidianas. Salía de su casa como a las 7:15 de la mañana y llegaba a la escuela como a las nueve menos diez. Permanecía en la escuela hasta las cuatro de la tarde, y como la escuela está tan lejos del pueblo salía en seguida, tardando tres cuartos de hora o sea hasta las 4:45 para llegar a la carretera, en donde tomaba el automóvil para ir hasta Río Grande, llegando allí a las 5:30 p.m. Por no alcanzarle el tiempo para hacer en la escuela los planes para el día siguiente, se veía obligada a hacerlos en su casa por las noches o a las cinco y media de la mañana, antes de salir para la escuela. Para poder hacer los planes en su casa, tenía que traer de la escuela y llevar consigo al día siguiente todos los libros de "Problemas de la Comunidad", un manual y unos cartelones. El día del accidente llevaba todo ese material escolar y además una capa y un paraguas, porque la escuela está cerca del Yunque y allí llueve casi todos los días. El accidente ocurrió cuando fué a coger la puerta del carro y resbaló en la tierra que estaba húmeda, y "como iba con las dos manos llenas con libros y con la capa y con una cartulina, pues resbalé y me caí".

Pedro Díaz Fonseca, Superintendente Auxiliar de Escuelas en Río Grande, declaró corroborando el testimonio de María P. de Jesús en cuanto al trabajo que ella realizaba como profesora y el viaje que ésta tenía que hacer todos los días para trasladarse de su casa a la escuela y viceversa.

Alega el Administrador recurrente que la Comisión erró al sostener que el accidente en este caso ocurrió durante el curso del trabajo de la profesora y como consecuencia del mismo; y también al resolver que el desempeño del cargo de profesora crea la necesidad de un viaje, para ir al y venir del trabajo, de suerte que durante el viaje la profesora se encontraba en el curso de su empleo. Cita en apoyo de su contención el caso de *María Pérez* v. *Comisión Industrial,*

53 D. P. R. 960, en el cual decidimos, *per curiam,* que no era compensable el accidente ocurrido a una profesora de una escuela sita en la zona urbana de Bayamón, cuando al ir a abordar una guagua que habría de conducirla a la escuela, resbaló en la carretera, sufriendo las lesiones por las cuales reclamó compensación del Fondo del Estado. Basamos nuestra decisión en la doctrina que caracteriza estos accidentes como provenientes de los riesgos propios de la calle, a los que están expuestos todos los miembros de la comunidad.

Sostiene la profesora lesionada que la doctrina aplicable a su caso es la establecida por este Tribunal en *Bacó* v. *Comisión Industrial,* 52 D.P.R. 866 y *Atiles, Administrador* v. *Arroyo,* 63 D.P.R. 806. En el primero de dichos casos, después de citar con aprobación la opinión del Juez Cardozo en *Matter of Marks* v. *Gray,* 251 N.Y. 90, 167 N.E. 181, resolvimos que la regla (*test*) aplicable es: "Si el trabajo a realizarse por el empleado crea la necesidad del viaje, él está en el curso de su empleo, no obstante esté realizando al mismo tiempo un móvil propio. . . . Sin embargo, si el trabajo no ha desempeñado papel alguno al crear la necesidad del viaje, si el viaje se hubiera realizado aunque se abandonara el motivo mercantil del mismo, y se hubiera cancelado al fracasar el móvil personal, aún sin cumplirse la parte mercantil del viaje, éste es entonces personal y el riesgo también lo es." Aplicando esa regla al caso de *Bacó,* supra, decidimos que no era compensable el accidente ocurrido a dos empleados que se dirigían en el automóvil de uno de ellos, de una central al pueblo de Yauco, para tomar allí su almuerzo, no obstante tener dichos empleados el encargo de recoger en el pueblo la correspondencia que allí tuviera su patrono, para entregársela en su oficina del campo.

El caso de *María Pérez* v. *Comisión,* supra, puede distinguirse fácilmente del de autos. La profesora Pérez vivía en el pueblo de Bayamón y la escuela en donde hacía su trabajo

estaba situada en el mismo. Ella podía ir a la escuela a pie o en guagua, de acuerdo con sus deseos o conveniencia. Su situación era idéntica a la del obrero que se dirige diariamente de su casa a la factoría y viceversa y sufre un accidente mientras se encuentra en la vía pública. La doctrina aplicable a esos hechos no puede ser otra que la conocida como "going and coming rule", toda vez que el Fondo del Seguro del Estado no asegura al obrero contra todos los riesgos y solamente le compensa por accidentes sufridos durante el curso del trabajo y como consecuencia del mismo.

Las circunstancias especiales y extraordinarias del caso que estamos considerando nos llevan a concluir que la doctrina aplicable es la de los casos de *Bacó* y *Arroyo,* supra.

La profesora María de Jesús vivía en el pueblo de Río Grande y trabajaba en una escuela situada en la montaña, a una distancia de siete kilómetros del pueblo. Por no haber en aquel sitio una casa en donde poder hospedarse, la profesora se veía obligada a viajar diariamente siete kilómetros para ir a la escuela y siete para regresar por las tardes a su casa en el pueblo. No pudiendo preparar en la escuela el trabajo del día siguiente, se veía obligada a llevar consigo los libros y el material escolar necesarios para preparar el trabajo en su casa y llevarlo al día siguiente a la escuela. El trabajo que tenía que hacer en un sitio, tan lejano no solamente creó la necesidad de un viaje largo y accidentado—parte en automóvil y parte a caballo o a pie—si que también la obligó a llevar ocupadas sus manos con el material escolar, colocándola así en un estado de indefensión contra cualquier accidente que pudiera ocurrirle durante el viaje. Es probable que si ella hubiese tenido sus manos libres en el momento en que resbaló, hubiese podido evitar el accidente que le partió el tendón de Aquiles. Opinamos que los hechos y circunstancias extraordinarias de este caso justifican la conclusión a que llegó la Comisión Industrial o sea que el trabajo de la profesora lesionada comenzaba cada día

desde que salía de su casa, cargada de libros y material escolar hasta que regresaba a su casa por la tarde. De acuerdo con la prueba practicada, el accidente ocurrió durante el curso del empleo y como consecuencia del mismo.

*La resolución recurrida debe. ser confirmada.*

El Juez Asociado Sr. Snyder disintió.