José D. Ríos Morales, recurrente, *v.* Comisión Industrial de Puerto Rico, etc., demandada.

Núm. 358.—*Sometido:* Abril 29, 1946. *Resuelto:* Julio 11, 1946.

*Juan Nevares Santiago,* abogado del recurrente; *Ángel de Jesús Matos, A. Sandín Del Manzano e Ismael Marrero,* abogados del Administrador del Fondo del Seguro del Estado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA emitió la opinión del tribunal.

Al salir de su casa para abordar un automóvil que habría de conducirlo al Cuartel de la Policía, el Jefe de la Policía de Fajardo resbaló y sufrió una lesión cuya compensación reclamó infructuosamente del Administrador del Fondo del Seguro del Estado. La Comisión Industrial confirmó la decisión del Administrador, por entender que el accidente no fué consecuencia del empleo del lesionado, y éste recurre de la resolución de la Comisión.

 El recurrente se dirigía a su trabajo. Ya hemos resuelto que, en ausencia de circunstancias excepcionales(1), accidentes sufridos en la vía pública al ir y venir del trabajo no son compensables. *Guillot* v. *Comisión Industrial,* 60 D.P.R. 674; *Pérez* v. *Comisión Industrial,* 53 D.P.R. 960.

El recurrente sostiene que en su caso concurren circunstancias excepcionales, que no se trata del caso corriente de un accidente en la vía pública sufrido por una persona que se dirige a su trabajo, o regresa del mismo, porque el recurrente es Jefe de Policía, y según el Reglamento de la Policía Insular, "Prestará sus servicios donde quiera que se encuentre y cualquiera que sea su situación, y a estos efectos se considerará siempre de servicios." Arguye el recurrente, por lo tanto, que el accidente ocurrió mientras él prestaba servicios como Jefe de Policía.

---

(1) Véanse *Atiles* v. *Comisión Industrial y de Jesús,* 64 D.P.R. 618, y *Atiles* v. *Comisión Industrial y Arroyo,* 63 D.P.R. 806, donde se concedió compensación a base de que la persona lesionada estaba precisamente en funciones de su empleo en el momento de su accidente, en el caso de *de Jesús* por tratarse de una maestra que estaba transportando efectos escolares de su casa a la escuela, y en el de *Arroyo* por tratarse de un maestro que enseñaba en dos escuelas públicas y se dirigía de una a otra al ser lesionado; y *Cordero* v. *Comisión Industrial y Rosario,* 60 D.P.R. 873, donde se concedió compensación por haber el patrono asumido la responsabilidad de transportar al obrero desde el sitio de trabajo hasta otro sitio en una vía pública.

A nuestro juicio lo que significa el Reglamento de la Policía es que el Jefe estará sujeto a servir en cualquier momento, y no que de hecho esté prestando servicios constantemente. Ciertamente no podría sostenerse que un Jefe de Policía está prestando servicios como tal durante el tiempo que en su casa dedica a alimentarse y a dormir. Y es evidente que, si se lesionara como resultado de una caída en su casa, durante sus horas de reposo, ese accidente no sería compensable, por carecer de relación alguna con su empleo.

El caso no puede resolverse, pues, a base de la teoría de que un Jefe de Policía está siempre prestando servicios. Como cualquier otro caso, hay que determinar si en el momento del accidente estaba en el desempeño de sus funciones. El recurrente sostiene que sí lo estaba, ya que en su viaje de su casa al cuartel, él solía inspeccionar los policías que se encontraban prestando servicio en las calles. Suponiendo que así fuera, tenemos que ese viaje no llegó a iniciarse. El accidente ocurrió al salir el recurrente de su casa, y disponerse a cruzar una pequeña zanja entre la verja de su casa y la calle, o sea, al dirigirse él hacia el automóvil en que había de realizar el trabajo de inspección. El riesgo que corría en esos momentos no era un riesgo inherente a su ocupación, ni surgía de la naturaleza de la misma. Era el riesgo que corren todas las personas en sus hogares y en sus inmediaciones. En nada se aumentó ese riesgo por el hecho de que el recurrente fuese Jefe de Policía, ni porque fuera su intención dirigirse al Cuartel de la Policía o hacer un viaje de inspección. No es por lo tanto uno de los riesgos contra los cuales asegura la Ley de Compensaciones por Accidentes del Trabajo a los empleados y obreros, ya que no es de los incurridos en el curso del trabajo ni como consecuencia del mismo.

*Debe confirmarse la resolución recurrida.*

El Juez Asociado Sr. De Jesús no intervino.