Guillermo Atiles Moréu, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* Comisión Industrial de Puerto Rico, Etc., demandada; Rufino Santiago, obrero lesionado.

Núm. 359.—*Sometido:* Junio 14, 1946. *Resuelto:* Julio 18, 1946.

*Ángel de Jesús Matos, A. Sandín del Manzano* e *Ismael Marrero,* abogados del recurrente; el obrero lesionado no compareció.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El reclamante, Rufino Santiago, residente en el pueblo de Peñuelas, trabajaba como maestro en una escuela pública situada a cuatro kilómetros de dicha población. El profesor se trasladaba todos los días en un automóvil privado perteneciente a otro profesor desde su casa a la escuela y viceversa y, además, hacía diariamente otro viaje de ida y vuelta para ir a tomar el almuerzo en su casa y regresar a su trabajo. El día 4 de octubre de 1945, mientras regresaba a la escuela después de tomar su almuerzo, el automóvil chocó con un barranco y el profesor recibió heridas y contusiones por las cuales reclamó compensación del Fondo del Seguro del Estado. El Administrador del Fondo declaró sin lugar la reclamación por entender que el accidente sufrido por el reclamante "no le ocurrió ni en el curso de su trabajo, ni

como consecuencia del mismo''. Apeló el reclamante para ante la Comisión Industrial y ésta revocó la decisión del Administrador, resolviendo que el accidente provino de un acto o función inherente al empleo, en el curso y como consecuencia del mismo. Declarada sin lugar la moción de reconsideración, el Administrador instó el presente recurso.

Alega el recurrente que la Comisión erró al resolver que el accidente acacció en el curso y como consecuencia del trabajo; al resolver que el cargo de profesor de instrucción pública crea la necesidad de un viaje, de suerte que el maestro, mientras se dirige a su casa a almorzar y mientras regresa a la escuela, fuera de su horario de trabajo, se encuentra en el curso de su empleo; y al interpretar el alcance de lo resuelto por este Tribunal en los casos de *Atiles* v. *Comisión Industrial,* 63 D.P.R. 806 y *Atiles* v. *Comisión Industrial,* 64 D.P.R. 618.

██ En *Bacó* v. *Comisión Industrial,* 52 D.P.R. 866, se trataba de dos empleados de una central que sufrieron un accidente mientras se dirigían en el automóvil de uno de ellos al pueblo de Yauco, para tomar allí su almuerzo, con encargo de recoger la correspondencia que allí tuviera el patrono. Se resolvió que el trabajo que tenían que realizar dichos empleados no creó la necesidad del viaje; que el viaje para ir a almorzar era personal y que el accidente no provino de acto o función alguna inherente al trabajo, ni ocurrió durante el curso del trabajo ni como consecuencia del mismo.

En el caso de *María Pérez* v. *Comisión Industrial,* 53 D.P.R. 960, la profesora reclamante sufrió un accidente al abordar una guagua que habría de conducirla a la escuela sita en la zona urbana de Bayamón. Se resolvió que el accidente no surgió de ninguna función o acto inherente a su trabajo como profesora; y que la doctrina aplicable es aquella que caracteriza estos accidentes como riesgos propios de la calle, a los que está expuesta toda la comunidad.

El caso de *Atiles Moréu* v. *Comisión Industrial,* 64 D.P.R. 618, en el que basó su decisión la Comisión recurrida, puede distinguirse fácilmente del de autos. Bastará recordar los hechos del caso y lo que dijimos en la opinión a las páginas 622 y 623:

"La profesora María de Jesús vivía en el pueblo de Río Grande y trabajaba en una escuela situada en la montaña, a una distancia de siete kilómetros del pueblo. Por no haber en aquel sitio una casa en donde poder hospedarse, la profesora se veía obligada a viajar diariamente siete kilómetros para ir a la escuela y siete para regresar por las tardes a su casa en el pueblo. No pudiendo preparar en la escuela el trabajo del día siguiente, se veía obligada a llevar consigo los libros y el material escolar necesarios para preparar el trabajo en su casa y llevarlo al día siguiente a la escuela. El trabajo que tenía que hacer en un sitio tan lejano no solamente creó la necesidad de un viaje largo y accidentado—parte en automóvil y parte a caballo o a pie—si que también la obligó a llevar ocupadas sus manos con el material escolar, colocándola así en un estado de indefensión contra cualquier accidente que pudiera ocurrirle durante el viaje. Es probable que si ella hubiese tenido sus manos libres en el momento en que resbaló, hubiese podido evitar el accidente que le partió el tendón de Aquiles. Opinamos que los hechos y circunstancias extraordinarias de este caso justifican la conclusión a que llegó la Comisión Industrial o sea que el trabajo de la profesora lesionada comenzaba cada día desde que salía de su casa, cargada de libros y material escolar hasta que regresaba a su casa por la tarde. De acuerdo con la prueba practicada, el accidente ocurrió durante el curso del empleo y como consecuencia del mismo."

La Comisión Industrial erró al no aplicar a los hechos de este caso la doctrina sentada en *María Pérez* v. *Comisión Industrial,* supra, y al resolver que el empleo del reclamante creó la necesidad del viaje para ir a almorzar al pueblo y regresar de nuevo a la escuela. El caso cae de lleno dentro de la regla del *"going and coming"*, establecida y mantenida por la mayoría de las jurisdicciones. Véase: *Ríos Morales* v. *Comisión Industrial,* ante, pág. 404.

*La resolución recurrida debe ser revocada.*