GUILLERMO ATILES MORÉU, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., y JOSÉ PABLO SANTIAGO PIETRI, recurridos.

Núm. 437.—*Sometido:* Abril 2, 1951.   *Resuelto:* Abril 19, 1951.

*Ángel de Jesús Matos* y *José C. Ramos Vázquez,* abogados del recurrente; *Luis A. Negrón López,* abogado del recurrido Santiago Pietri.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En 1948 José Pablo Santiago Pietri trabajaba como Superintendente en el Programa de Emergencia de Guerra en un proyecto sobre construcción de un kilómetro de carretera como a 13 kilómetros de Sabana Grande. No había sitio alguno cerca del proyecto donde Santiago pudiera vivir o comer. El presupuesto del proyecto no proveía para la construcción de una casa para él. No había servicio de correos hasta el proyecto y en dicho sitio no había teléfono o telégrafo.

Vistas las anteriores circunstancias, Santiago tenía que vivir en Sabana Grande. Recibía correspondencia relacionada con el proyecto en su propia casa en Sabana Grande. Como en el proyecto no había maquinilla ni papel, Santiago escribía las contestaciones a sus cartas antes de salir de su casa para el proyecto. Asimismo usaba esporádicamente los servicios de teléfono y telégrafo de Sabana Grande con el fin de comunicarse con sus superiores.

Santiago siempre salía de su casa a tiempo para poder llegar al proyecto a las 7:00 a.m. que era la hora de entrada. El patrono no le proporcionaba transportación de su casa al proyecto. Allí permanecía todo el día hasta las 4 de la tarde, dando órdenes, recibiendo materiales y en general inspeccionando la obra.

En noviembre de 1948 Santiago tomó un automóvil público entre las 6:30 y 7:00 a.m., pagando su pasaje personalmente con el fin de trasladarse de Sabana Grande al sitio de su trabajo. En este viaje ocurrió un accidente resultando Santiago lesionado. El Administrador del Fondo del Estado denegó su reclamación de compensación. Apeló Santiago para ante la Comisión Industrial, la que revocó al Ad-

ministrador y le concedió compensación. Expedimos el auto a solicitud del Administrador para revisar la decisión de la Comisión.

Creemos que este caso está gobernado por los de *Bacó v. Comisión Industrial,* 52 D.P.R. 866; *Ríos v. Comisión Industrial,* 66 D.P.R. 404; y *Atiles, Admor. v. Comisión Industrial,* 66 D.P.R. 436. De ordinario, las lesiones sufridas en accidentes ocurridos mientras se va o se viene del trabajo no son compensables. En los casos arriba citados, seguimos la fórmula establecida por el Juez Cardozo en *Marks' Dependents v. Gray,* 167 N.E. 181, 182 (N.Y., 1929), al efecto de que un empleado viaja en el curso de su empleo solamente si el trabajo crea la necesidad de viajar, aparte del viaje corriente para ir al trabajo y regresar de éste.

Para cumplir con esta fórmula, no basta demostrar meramente que las condiciones eran tales que el empleado tenía que vivir lejos de su trabajo. También deben existir hechos demostrativos de que un deber hacia el patrono creó la necesidad de hacer determinado viaje. El viaje en el caso que nos ocupa se hacía con el fin de que Santiago pudiera llegar a su trabajo. En consecuencia el caso cae bajo la regla general. Bajo estas circunstancias, Santiago era exactamente igual a cualquier otro empleado que no vivía cerca del proyecto debido a la ausencia de facilidades de vivienda y tenía que viajar hacia el trabajo. El caso sería diferente si Santiago hubiera estado haciendo un viaje expresamente para ir a buscar alguna correspondencia, hacer una llamada telefónica o poner un telegrama a sus superiores. Pero aquí simplemente él iba de su casa hacia el trabajo. Bajo dichas circunstancias, Santiago era igual a todos los demás empleados que no podían encontrar facilidades de vivienda en dicho sitio. No podemos resolver que un accidente sufrido en un viaje de esta naturaleza era compensable porque en otras ocasiones el empleado quizás tuviera que hacer viajes en beneficio de su patrono, debido a la ausencia de facilidades de comunicación en el lugar de la obra.

En el caso de *Ríos* distinguimos el de *Atiles, Admor.* v. *Comisión Industrial*, 64 D.P.R. 618 y *Atiles* v. *Comisión Industrial*, 63 D.P.R. 806, en los que descansa el empleado aquí. Dijimos a la pág. 405, nota 1, que en el primer caso se trataba de "una maestra que estaba transportando efectos escolares de su casa a la escuela" y que en el segundo se trataba de un profesor que enseñaba en dos escuelas en dos pueblos diferentes y por tanto. necesariamente tenía que viajar con motivo de sus deberes para con su patrono.

■ Si bien el resultado a que hemos llegado lo hace innecesario, creemos conveniente comentar el segundo error. Éste es al efecto de que la Comisión en el presente caso infringió la sección 10 de la Ley núm. 45, Leyes de Puerto Rico, (1935 ((1) pág. 250), según quedó enmendada por la Ley núm. 43, Leyes de Puerto Rico, 1942· ((1) pág. 455), que en parte prescribe así: "Si el caso fuere señalado para ser oído por un Comisionado, la vista tendrá lugar en la localidad donde haya ocurrido el accidente o en cualquier otro sitio que la Comisión Industrial designare, y la decisión del Comisionado, junto con una exposición de la evidencia, y sus conclusiones sobre los hechos y el derecho, y otras materias pertinentes a la cuestión planteada ante él, será radicada en la Comisión Industrial para su decisión . . .".

Argumentando este error los abogados del Administrador hacen la siguiente manifestación: "Los Comisionados ponentes actúan como si cada uno de ellos fuera la Comisión Industrial, y de tal modo, una vez ventilada la prueba, presentan a sus compañeros, no la exposición provista por la ley respecto a sus 'findings' de hecho, y sus conclusiones, sino el cuerpo final de la resolución de la Comisión Industrial, algunas de las cuales son tan extensas y elaboradas. que hay quienes dudan si son leídas por los otros Comisionados al refrendarlas con sus firmas."

En su resolución declarando sin lugar la solicitud de reconsideración, la Comisión niega con considerable firmeza la insinuación de que los otros miembros de dicho cuerpo

no estudian, o ni siquiera leen, las decisiones de las cuales no son los ponentes. Creemos que es altamente impropio de los abogados del Administrador hacer esta manifestación de desprecio con respecto a la Comisión, sin evidencia alguna para sostenerla. En verdad, no conocemos ninguna corte o agencia cuasi-judicial que desempeñe sus deberes con más devoción y destreza que la Comisión Industrial.

Creemos que la sección 10 autoriza, es más, obliga al Comisionado que oye el caso a radicar ante la Comisión la propuesta decisión en forma final, junto con sus conclusiones de hecho y de derecho. No podemos convenir con el Administrador en que se cometió el segundo error.

*La resolución de la Comisión Industrial será revocada.*

El Juez Asociado Sr. Todd, Jr., no intervino.