CARMEN FIGUEROA CARRIÓN, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., y FONDO DEL SEGURO DEL ESTADO, recurridos.

Núm. 441.—*Sometido:* Abril 1, 1951. *Resuelto:* Mayo 9, 1951.

*Arcilio Alvarado y Carlos J. Ortiz,* abogados de la recurrente; *Ángel de Jesús Matos, Aida Casañas O'Connor,* abogados del Fondo del Seguro del Estado, recurrido.

EL JUEZ PRESIDENTE INTERINO SEÑOR TODD, JR., emitió la opinión del tribunal.

Expedimos el auto en este caso para revisar la decisión de la Comisión Industrial, por mayoría, que confirmó la dictada por el Administrador del Fondo del Seguro del Estado denegando compensación a Carmen Figueroa Carrión por un accidente que sufrió. Los hechos no están en controversia. La obrera trabajaba bajo el patronato del Departamento de Instrucción en el comedor escolar de la Unidad de Sabana del pueblo de Luquillo. Ella vivía como a dos kilómetros de la escuela y para ir y venir lo hacía por un camino vecinal en el cual tenía que cruzar un río caminando sobre unas piedras. El día 7 de octubre de 1949, cuando salió de su trabajo y se dirigía a su casa, llevando en una mano un paquete conteniendo el uniforme que tenía que usar en su trabajo y el cual tenía que lavar y planchar en su casa, al estar cruzando el río se cayó al resbalar en una piedra, recibiendo un golpe en el costado derecho. El sitio donde sufrió la caída queda como a medio kilómetro de la escuela, no habiendo otro camino hacia su casa, teniendo, por tanto, que pasar por dicho río.

La Comisión Industrial llegó a la conclusión de que el caso de *Atiles, Admor.* v. *Comisión Industrial,* 64 D.P.R. 618, en que basó la recurrente su reclamación, no era aplicable a los hechos del presente, [1] y sí la doctrina general al efecto de que los accidentes provenientes de los riesgos propios de la calle a los que están expuestos todos los miembros de la comunidad, no son compensables al ir y venir un obrero de su trabajo y citó los casos de *Pérez* v. *Comisión Industrial,*

---

[1] El Comisionado Sr. Juan Herrero disintió por creer que debía aplicarse dicho caso.

53 D.P.R. 960; *Guillot* v. *Comisión Industrial*, 60 D.P.R. 674 y *Bacó* v. *Comisión Industrial*, 52 D.P.R. 866.

El caso de *Atiles, Admor.* v. *Comisión Industrial*, supra, fué resuelto a base de las "circunstancias especiales y extraordinarias" que el mismo presentaba, según se exponen a la pág. 622, y especialmente del hecho de que en el momento del accidente la profesora lesionada tenía ocupadas sus manos con libros, un manual, unos cartelones y además con una capa y un paraguas. El accidente ocurrió, según declaró, cuando fué a coger la puerta del carro y resbaló en la tierra que estaba húmeda y "como iba con las *dos* manos llenas con libros y con la capa y con una cartulina, pues resbalé y me caí". (Pág. 620; bastardillas nuestras.)

En el caso de autos la peticionaria declaró que cuando iba pasando el río por unas piedras, resbaló y se cayó; que ella llevaba en la mano una cajita con un uniforme que tenía que lavar en su casa. No existen circunstancias especiales ni extraordinarias que hagan aplicable al presente lo resuelto en el de *Atiles, Amor.* v. *Comisión Industrial*, supra. En varias ocasiones hemos limitado el alcance de dicho caso a sus hechos. Véanse *Ríos* v. *Comisión Industrial*, 66 D.P.R. 404, nota 1, pág. 405; *Atiles, Admor.* v. *Comisión Industrial*, 66 D.P.R. 436, 438; *Emmanuelli* v. *Comisión Industrial*, 69 D.P.R. 910, nota 2, pág. 913. Ratificamos ahora dicha limitación y reiteramos nuestro criterio de que en ausencia de circunstancias excepcionales, accidentes sufridos en la vía pública al ir y venir del trabajo no son compensables. *Ríos* v. *Comisión Industrial*, supra; *Guillot* v. *Comisión Industrial*, supra; *Pérez* v. *Comisión Industrial*, supra; *Bacó* v. *Comisión Industrial*, supra y *Atiles, Admor.* v. *Comisión Industrial y Santiago*, ante pág. 417.

*Debe confirmarse la resolución de la Comisión Industrial.*