JUSTO RIVERA OSORIO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

*Número:* CI-66-17      *Resuelto:* 5 de abril de 1968

*Guillermo Atilés Moreu,* abogado del recurrente; *Donald R. Dexter,* abogado del Administrador del Fondo del Seguro del Estado.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

El Juez Asociado Señor Rigau emitió la opinión del Tribunal.

Se trata de un accidente ocurrido en una carretera. El lesionado reclama compensación bajo la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. secs. 1 y ss. Tanto el Administrador del Fondo del Seguro del Estado como la Comisión Industrial denegaron la compensación por entender que no se trata de un accidente de los cubiertos por la ley. Los hechos pueden resumirse como sigue.

El recurrente era empleado de la San Juan Mercantile Corporation. El día del accidente comenzó a trabajar a las 4 P.M. y salió a las 10:50 P.M. Luego de salir de los terrenos del patrono y mientras caminaba por la carretera que conduce del área de los muelles a la Avenida Kennedy, fue estropeado por un automóvil. En la vista ante la Comisión Industrial el recurrente declaró que al momento del accidente él había caminado como 500 metros del sitio donde trabajaba y estaba como a 80 metros del lugar en donde acostumbraba tomar la guagua. En ese viaje de regreso a su casa el recurrente no tenía que hacer gestión alguna para beneficio de su patrono o relacionada con su trabajo. Era el viaje usual de regreso a su casa de todos los días.

La posición de la Comisión es que se trata de un accidente de tránsito producido por los riesgos de la calle y no un accidente del trabajo. En su memorando, el Administrador del Fondo, a quien la Comisión confirmó, lo expresa de la siguiente forma:

"Los accidentes que ocurren en el ir y venir del empleo no son riesgos inherentes a la ocupación o empleo del trabajador, sino más bien riesgos de la calle que corren todos los ciudadanos.[1]

El recurrente señala los siguientes cuatro errores: (1) que la Comisión erró al no acceder a una inspección ocular del sitio donde ocurrió el accidente; (2) que erró al no resolver que dicho sitio es parte del área de riesgo creado por el empleo; (3) que erró al no hacer de este caso una excepción a la regla de ir y venir del trabajo; y (4) que erró al no resolver que dicha regla no es aplicable al recurrente.

■ El primer error señalado no se cometió. La concesión de una vista ocular descansa en la discreción del tribunal de instancia, y en este caso, de la Comisión. *Rodríguez* v. *Alcover*, 78 D.P.R. 822 (1955); *Martínez* v. *Martínez*, 68 D.P.R. 203, 207 (1948); *Jiménez* v. *Fletcher*, 67 D.P.R. 165, 167 (1947).

■ Los restantes tres errores los discutiremos conjuntamente por estar íntimamente relacionados entre sí. En cuanto a la contención mayor del caso, la posición del recurrente es que se trata de una excepción a la regla de ir y venir del trabajo *(going and coming rule)*. Como se sabe, el significado de esta regla es que los accidentes ocurridos mientras la persona va de su casa al trabajo y del trabajo a su casa, no son compensables bajo la Ley de Compensaciones por Accidentes del Trabajo, a menos que concurran circunstancias especiales que conviertan al accidente en uno del trabajo. *Valentín Nadal* v. *Comisión Industrial*, 94 D.P.R. 659 (1967);

---

[1] Sobre la regla de los "riesgos de la calle" véase *Gallart* v. *Comisión Industrial*, 87 D.P.R. 17 (1962), a la pág. 25 y autoridades allí citadas.

*Gallart* v. *Comisión Industrial*, 87 D.P.R. 17 (1962); *Atiles* v. *Comisión Industrial*, 72 D.P.R. 417 (1951); *Figueroa* v. *Comisión Industrial*, 72 D.P.R. 505 (1951); *Atiles* v. *Comisión Industrial*, 66 D.P.R. 436 (1946); *Ríos* v. *Comisión Industrial*, 66 D.P.R. 404 (1946); *Bacó* v. *Comisión Industrial*, 52 D.P.R. 866 (1938); *Mark's Dependents* v. *Gray*, 167 N.E. 181.

■ Es de conocimiento general, creemos, que la Ley de Compensaciones por Accidentes del Trabajo es aplicable a los perjudicados por "accidentes que provengan de cualquier acto o función inherente a su trabajo o empleo y que ocurran en el curso de éste, y como consecuencia del mismo o por enfermedades o muertes derivadas de la ocupación." 11 L.P.R.A. sec. 2. Naturalmente, la ley no tuvo ni tiene el propósito de constituir un seguro contra toda clase de accidentes automovilísticos que pueden sufrir los obreros y los empleados. Por eso se originó la antes mencionada regla de ir y venir del trabajo: los accidentes ocurridos mientras el obrero o empleado va al trabajo y regresa a su casa no están cubiertos por la ley. Sin embargo, como los casos que ocurren en la vida real no están organizados por reglas y conceptos producidos por los jueces, los tribunales comenzaron a enfrentarse con casos en los cuales la aplicación estricta de dicha regla hubiese producido injusticias y para evitarlas los tribunales se vieron y se ven en la necesidad de reconocer excepciones.

■ Por excepción, se declaran compensables bajo dicha ley los accidentes ocurridos en esos viajes cuando ocurren, generalmente, una de dos clases de circunstancias. Una, que el viaje, además de justificarse por la necesidad del obrero moverse de su casa al trabajo o del trabajo a su casa, también esté justificado porque se hizo con el propósito de hacer alguna gestión relacionada con el empleo. La otra circunstancia que hace que los accidentes ocurridos en estos viajes sean compensables es cuando por motivo de la localización

del lugar del trabajo o por otras razones el patrono ha creado un peligro no usual para el empleado. Esto es, cuando ha creado un peligro que el empleado ordinariamente no hubiese tenido que afrontar a no ser por motivo o como consecuencia del trabajo.(2) Para ejemplos de excepciones a la regla de ir y venir del trabajo, véase *Gallart* v. *Comisión Industrial*, 87 D.P.R. 17, 23 (1962); Larson, *The Law of Workmen's Compensation*, sec. 15.00 y 14 NACCA L. J. 39–41 (1954).

■ Estamos de acuerdo con el Administrador y con la Comisión Industrial en que el caso de autos no presenta una excepción a la regla de ir y venir del trabajo. Ya en *Gallart* v. *Comisión Industrial*, supra, señalamos, a la pág. 26, que resolveríamos estos casos, cada uno según sus méritos, según existiese o no una relación causal entre la lesión y el empleo. En el caso que nos ocupa se trata de un viaje de regreso del trabajo a la casa y está ausente del mismo la relación causal empleo-lesión que lo haría compensable. Tampoco es correcto afirmar que el patrono creó una situación especial de riesgo. No se trata de una ruta casi forzada, por las circunstancias del empleo, que comprendía vadear un río, *Gallart* v. *Comisión*, supra, ni que hubiese que cruzar una vía de ferrocarril, *Bountiful Brick Co.* v. *Giles*, 276 U.S. 154, ni ninguna circunstancia por el estilo. Por el contrario, el recurrente iba caminando por una carretera pública y corría los riesgos que corre desgraciada e inevitablemente todo el que tiene que caminar por una carretera pública. Naturalmente, sería deseable que todos los obreros y empleados estuviesen protegidos en sus viajes para ir y regresar del trabajo(3) y sería mucho más deseable que estuviesen protegi-

---

(2) Sobre viajes con doble propósito véase *Sucn. Pérez Puerta* v. *Comisión Industrial*, 94 D.P.R. 557 (1967) y Larson, *The Law of Workmen's Compensation*, sec. 18.00.

(3) Véase P. de la C. 335 del año 1961. Obviamente, tal cosa conlleva consideraciones económicas.

das todas las víctimas de los accidentes de tránsito y sus dependientes. (⁴)

Las leyes de compensaciones por accidentes del trabajo surgieron cuando las sociedades industrializadas reconocieron que de todas maneras ocurrirían accidentes en el trabajo y que era deseable que sus víctimas estuviesen protegidas. Parece que también es tiempo de que esas mismas sociedades reconozcan que es prácticamente inevitable que ocurran accidentes de tránsito y que es deseable que sus víctimas estén protegidas. Sobre el particular véase Keeton y O'Connell, *Basic Protection for the Traffic Victim* (1965), Boston, Little, Brown & Co.; de los mismos autores, *"The Basic Protection Plan for Traffic Accident Cases,"* 43 Notre Dame Law 184 (1967); también el simposio *"Automobile Compensation Plans,"* 51 J. Am. Jud. Soc'y 148 (1967); O'Connell, *"Basic Protection—Relief for the Ills of Automobile Insurance,"* 27 La. L. Rev. 647 (1967).

■ En relación con el último señalamiento, el recurrente argumenta que a los trabajadores que están disponibles las 24 horas del día y los siete días de la semana no se les aplica la regla de ir y venir. No es este el momento de resolver que esto sea cierto o falso porque en el caso de autos no concurre esa situación. No hay nada en la prueba que así lo demuestre. En *Malavé* v. *Comisión Industrial*, 69 D.P.R. 66 (1948), el accidente no ocurrió con motivo de ningún viaje de ir o venir del trabajo. Ocurrió al caerse el empleado desde la segunda planta de un hotel y mientras él estaba de servicio. El lesionado era un chofer que había llevado un equipo de pelota de Ponce a Mayagüez y tenía instrucciones de hospedarse en el mismo hotel con los peloteros y de estar disponible en todo momento. Dicho caso es muy distinto al de autos. Tampoco es de aplicación el caso que cita el recurrente de *Montaner* v. *Comisión Industrial*, 52 D.P.R. 17

(⁴) Véase, además, P. de la C. 874 del año 1968.

(1937). En dicho caso el obrero Fructuoso Serrano sufrió una lesión en un dedo "mientras trabajaba en el muelle de su patrono." Nada se resolvió allí en cuanto a la regla de ir y venir del trabajo. La cuestión allí planteada era relativa a la forma de computar las compensaciones por incapacidad transitoria.

Para casos recientes de accidentes sufridos por empleados al asumir los riesgos de la calle que asume todo el mundo, resueltos en forma consistente con esta opinión, véanse *Pariser Bakery* v. *Koontz*, 212 A.2d 324 (1965); *Snodgrass* v. *Douglas Aircraft Co.*, 406 P.2d 463 (1965); *Greydanus* v. *Industrial Acc. Comm'n*, 43 Cal. Reptr. 795 (1965); y *Verret* v. *Travelers Ins. Co.*, 166 So.2d 292 (1964).

*Por las razones antes expuestas se confirmará la resolución de la Comisión Industrial aquí recurrida.*

El Juez Presidente Señor Luis Negrón Fernández no intervino.