BOILER CONSTRUCTION AND REPAIR COMPANY, INC., peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE CAGUAS, HON. RAÚL TORRES GONZÁLEZ, JUEZ, demandado; LEOPOLDO BELÉN DE JESÚS y JUANA MELESIO, interventores.

*Número:* O-71-149    *Resuelto:* 31 de mayo de 1972

---

Beverley, Rodríguez, Estrella & Pesquera y Gerónimo Lluberas Kells, abogados de la peticionaria; Rafael S. Rivera y Salomón Levis, abogados de los interventores.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En 18 de enero de 1971, Leopoldo Belén de Jesús, y Juana Melesio instaron demanda ante la Sala de Caguas del Tribunal Superior contra Boiler Construction and Repair Co., Inc., Ramón Ríos, Jr., Evans Ford y Consolidated Insurance Agency, Inc., en reclamación de daños y perjuicios provenientes de un accidente de automóviles ocurrido el día 18 de enero de 1970.

En dicha demanda alegaron, en lo que resulta pertinente a la cuestión a resolver, lo siguiente:

"1) Que allá para el día 18 de enero de 1970, como a las cinco y cuarenta de la tarde, el codemandante Leopoldo Belén de Jesús, viajaba en una guagua Marca Ford Pick Up, Modelo 1969, Tablilla 165-849, propiedad dicho vehículo de Evans Ford de Arecibo, teniéndolo alquilado para la fecha de los hechos a Boiler Construction and Repair Co., firma para la cual trabajaba el co-demandante Leopoldo Beléndez [sic] de Jesús, siendo dicho vehículo conducido por el co-demandado, Ramón Ríos, Jr.

2. Que mientras transitaba por la Carretera Número 181 de San Lorenzo a Gurabo y al llegar al kilómetro 3 de la carretera, al ir a tomar una curva dicho vehículo patinó al conductor del mismo hacer uso de los frenos repentinamente, chocando contra otro vehículo y luego virándose el vehículo Ford antes mencionado.

3. Que dicho accidente ocurrió única y exclusivamente por la negligencia crasa y temeraria del conductor Ramón Ríos, Jr., al conducir dicho vehículo a mayor velocidad sin tomar en consideración las condiciones de la carretera, ni el ancho de la misma

y de Boiler Construction & Repair Co. por haber autorizado, al co-demandado, Ramón Ríos, Jr., a conducir dicho vehículo y actuando éste como agente de la referida compañía ya bien sea expresa o tácita, y a Evans Ford, propietaria de dicho vehículo marca Ford y la Employers Assurance Liability Co. por ser la compañía aseguradora del vehículo objeto de este accidente proveyendo dicha póliza cubierta para las cantidades reclamadas en esta demanda."

La codemandada Boiler Construction and Repair Co., Inc., radicó una solicitud de sentencia sumaria en la que alegó que entre dicha codemandada y el codemandante Leopoldo Belén de Jesús, y el codemandado Ramón Ríos existía la relación de patrono y empleados; siendo ella un patrono asegurado con el Fondo del Seguro del Estado y lo era para la fecha del accidente; que por tal razón sus obreros y empleados no tienen otro remedio en ley que su reclamación contra el Fondo del Seguro del Estado; que en 1 de marzo de 1971 el Administrador del Fondo del Seguro otorgó una compensación al codemandante Leopoldo Belén de Jesús por la suma de $1,280.10; que dicho Administrador no ha ejercido su derecho a subrogarse en los derechos del obrero según lo requiere la ley, siendo por tanto prematura la demanda ya que ésta fue interpuesta cuando el codemandante sabía que estaba bajo tratamiento y supervisión del Fondo del Seguro del Estado.

Esta solicitud de sentencia sumaria fue acompañada de una fotocopia de la decisión del Administrador del Fondo del Seguro del Estado emitida en marzo 1 de 1971 y de una declaración jurada del presidente de la Boiler Construction Repair Co., Inc., Sr. Earl B. Rice, en la que éste asevera lo siguiente:

"Que como presidente de Boiler Construction and Repair Co., Inc., consigno en esta Declaración Jurada que el codemandante, Leopoldo Belén de Jesús, así como también Ramón Ríos, Jr., eran empleados de la empresa al momento de ocurrir un alegado accidente en la carretera de Gurabo a San Lorenzo.

Que como presidente de Boiler Construction and Repair Co., Inc., hago constar que mantenemos en fuerza y vigor una póliza bajo el Fondo del Seguro del Estado número 42,010 en la cual se cubren a todos los empleados que estén en nuestra nómina en los trimestres correspondientes." (Exhibit F.)

El codemandante se opuso a la solicitud de sentencia sumaria alegando ciertos hechos que no sustanció con documentos o declaraciones juradas.

Luego de discutida la moción, el tribunal dictó en 25 de mayo de 1971 una resolución declarando sin lugar la solicitud de sentencia sumaria, fundándose en que existe una genuina controversia de hecho respecto a si se trata de dos accidentes distintos.

Expedimos un auto de *certiorari* para revisar la referida resolución.

La peticionaria señala que el tribunal a quo cometió error, 1) "al no tomar en consideración el hecho que se desprende de la propia faz de la demanda, que se trata de una reclamación de un obrero en contra de su patrono asegurado por el Fondo del Seguro del Estado"; 2) al no determinar que el único remedio que tiene un obrero en contra del patrono asegurado es el provisto por el Título 11 Leyes de Puerto Rico Anotadas, Sec. 21, 3) al no determinar que se radicó la acción prematuramente, 4) al no resolver que procedía la sentencia sumaria, 5) al denegarla con un mero escrito de oposición del abogado de la parte contraria sin estar dicha oposición sostenida por contra-declaraciones juradas.

█ Si mientras un obrero trabaja para un patrono asegurado, sufre un accidente de los comprendidos en la Ley de Compensaciones por Accidentes del Trabajo, el derecho establecido en esta ley para obtener compensación, es el único remedio en contra del patrono. Art. 20 de la Ley (11 L.P.R.A. sec. 21) ; *Onna* v. *The Texas Co.*, 64 D.P.R. 520 (1945) ; *De Jesús* v. *Osorio*, 65 D.P.R. 640 (1946) ; *Báez Vega* v. *E.L.A.*, 87 D.P.R. 67 (1963) ; *Montes* v. *Fondo del Seguro del Estado*,

87 D.P.R. 199 (1963). Corresponde por tanto, resolver si por las alegaciones y los documentos acompañados a la solicitud de sentencia sumaria, la codemandada Boiler Construction and Repair Co., Inc., estableció, sin que fuera controvertido, el hecho de que el accidente alegado en la demanda es uno cubierto por la Ley de Compensaciones por Accidentes del Trabajo y por el cual ya el demandante fue compensado por el Fondo del Seguro del Estado, en cuyo caso procede, como cuestión de derecho, la sentencia sumaria a su favor.

■ Reiteradamente hemos dicho que cuando solicitada sentencia sumaria basada en declaraciones juradas o en documentos admisibles en evidencia, la contraparte no puede cruzarse de brazos y descansar en las alegaciones si desea derrotar la moción de sentencia sumaria; pero también hemos dicho que el que solicita se dicte sentencia sumaria está en la obligación de demostrar que no hay controversia en cuanto a ningún hecho material y que procede se dicte sentencia como cuestión de derecho. *Cortés Piñeiro* v. *Sucn. A. Cortés*, 83 D.P.R. 685 (1961). El codemandante descansó en las alegaciones de la demanda y en las de su oposición, no jurada, a la moción sobre sentencia sumaria. Sin embargo, debemos examinar las alegaciones, así como el documento y la declaración jurada presentada por la Boiler Construction and Repair Co., Inc., para determinar si ésta demostró que no hay controversia en cuanto a ningún hecho material y que la sentencia procede como cuestión de derecho.

En la demanda se alega que el 18 de enero de 1970 como a las 5:40 P.M. el codemandante Leopoldo Belén de Jesús viajaba en un vehículo de motor propiedad de Evans Ford de Arecibo, "teniéndolo alquilado para la fecha de los hechos a Boiler Construction and Repair Co., *firma para la cual trabajaba el co-demandante Leopoldo Belén de Jesús, . . . .*" (Bastardillas nuestras.) Esta alegación no establece el hecho de que el accidente sufrido por el codemandante sea uno comprendido dentro de la Ley de Compensaciones por Accidentes

del Trabajo. Lo que significa dicha alegación es que para la fecha del accidente el codemandante era un empleado de la peticionaria Boiler Construction and Repair Co., Inc.

Para que sea compensable por el Fondo del Seguro del Estado un accidente que sufre un obrero o empleado, es necesario que el accidente provenga de cualquier acto o función inherente a su trabajo o empleo y que ocurra en el curso de éste y como consecuencia del mismo. Art. 2 de la Ley de Compensaciones por Accidentes del Trabajo; *Cardona* v. *Comisión Industrial*, 56 D.P.R. 847 (1940); *Montaner, Admor.* v. *Comisión Industrial*, 53 D.P.R. 197 (1938). Ninguno de estos tres requisitos han sido alegados en la demanda. Tampoco puede inferirse de la demanda que el codemandante, viajaba en gestiones para beneficio de su patrono. A lo sumo podría inferirse que viajaba de regreso del trabajo a su hogar pero sabido es que las lesiones sufridas en accidentes ocurridos mientras se va o viene del trabajo, no son de ordinario compensables. *Atiles, Admor.* v. *Comisión Industrial*, 72 D.P.R. 417 (1951).

Ya hemos copiado el contenido de la declaración jurada del Presidente de Boiler Construction and Repair Co., Inc. En ella el deponente se limitó a consignar que al momento de ocurrir un alegado accidente en la carretera de Gurabo a San Lorenzo, tanto Leopoldo Belén de Jesús como Ramón Ríos, Jr., eran empleados de la empresa que él preside así como que dicha empresa mantiene en vigor una póliza con el Fondo del Seguro del Estado que cubre a todos sus empleados.

Tampoco puede concluirse que en dicha declaración jurada queda establecido y probado el hecho de que el accidente ocurriera mientras el codemandante realizaba un acto o función inherente a su empleo, en el curso de éste y como consecuencia del mismo.

En verdad, lo que se prueba con la referida declaración jurada, es lo mismo que ya se había alegado en la demanda.

Examinemos por último la resolución del Fondo del Seguro del Estado. Se describe el sitio del accidente como San Lorenzo, P.R., y en el encasillado para la descripción del accidente se dice: "Alega que se hirió el dedo anular derecho con un cepillo de alambre." En cuanto a la lesión sufrida se describe así: "Contusión hombro izqdo. Rel. Fractura por avulsión de la tuberosidad mayor del húmero izquierdo." Se hace figurar como fecha del accidente el 6/18/70.

Aunque el sitio del accidente compensado por el Fondo coincide con lo alegado en la demanda, no ocurre lo mismo con la descripción de dicho accidente ni con la fecha de su ocurrencia. De suerte que aún quedan hechos materiales en controversia que deben dilucidarse en un juicio plenario. Uno de esos hechos fundamentales es el de si el accidente descrito en la demanda, ya ocurriera en una u otra de las fechas alegadas por las partes, es uno comprendido dentro de la Ley de Compensaciones por Accidentes del Trabajo. La determinación de este hecho requiere prueba adicional a la presentada con la solicitud de sentencia sumaria por lo que el tribunal de instancia no incidió al declararla sin lugar.

*Se anulará el auto expedido y se devolverá el caso para ulteriores procedimientos.*

El Juez Presidente, Señor Negrón Fernández, y el Juez Asociado, Señor Hernández Matos, no intervinieron.