RAMÓN A. RIVERA RIVERA, ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, demandada; ROBERTO LOZANO LAUTIER, lesionado.

*Número*: O-71-190          *Resuelto*: 22 de enero de 1973

*Leoncio Carrasquillo Suárez, Manuel Candelario Muñiz, Milagros Muñiz Bou* y *Miguel A. Guzmán Soto,* abogados del recurrente; *Fiddler, González & Rodríguez* y *Luis C. Morera,* abogados de la interventora Bache & Co., Pan American, Inc. El abogado del lesionado no compareció.

PER CURIAM: El Administrador del Fondo del Seguro del Estado le negó compensación al Sr. Roberto Lozano Lautier, un empleado a comisión de Bache & Co., firma de corredores de valores en la Bolsa de Nueva York, con oficinas locales en Hato Rey, por lesiones sufridas en su muñeca izquierda al resbalar en un charco de agua del baño de su residencia y caerse al piso, luego de terminar de hablar por teléfono con un cliente y dirigirse al servicio sanitario. La Comisión Industrial revocó por entender que el accidente descrito es uno compensable por la Ley de Compensaciones por Accidentes del Trabajo. Ley Núm. 45 de 18 de abril de 1935, 11 L.P.R.A. sec. 1–42. Concluyó la Comisión que el empleado no tenía horas fijas de trabajo, que recibía llamadas telefónicas de clientes en su casa donde también tenía una oficina y realizaba un setenta por ciento de su labor; que, dada la naturaleza del negocio del patrono, el hogar de este empleado se con-

vertía prácticamente en parte de los predios del patrono o en "sitio de trabajo"; que, aun cuando el patrono no le suplía equipo de oficina ni teléfono al empleado, éste realizaba una parte sustancial de su labor como vendedor de valores, acciones, etc., desde su hogar usando sus propias facilidades —oficina y teléfono—que allí tenía.

Acordamos revisar. El Fondo del Seguro del Estado no es un asegurador absoluto de la salud o de la vida de los obreros por toda clase de accidentes que puedan éstos sufrir. La compensabilidad por determinado accidente que sufra el empleado se rige por la Ley. Ésta, en su Art. 2, 11 L.P.R.A. sec. 2, prescribe tres requisitos que deben concurrir para que un accidente sea compensable. Estos son que el accidente (1) provenga de cualquier acto o función del obrero; (2) sea inherente al trabajo o empleo del obrero; y (3) ocurra en el curso de éste. *Montaner* v. *Comisión Industrial*, 53 D.P.R. 197 (1938); *Candelaria* v. *Comisión Industrial*, 85 D.P.R. 20 (1962); *Gallart, Admor.* v. *Comisión Industrial*, 89 D.P.R. 581 (1963). La protección de la Ley de Compensaciones no se extiende, según lo dispone expresamente el Art. 2, a:

"[a]quellos obreros y empleados cuya labor sea de carácter accidental o casual y no esté comprendida dentro del negocio, industria y profesión u ocupación de su patrono *y además aquellas personas que trabajan en sus domicilios*." (Énfasis suplido.)

La caída sufrida por el empleado en el baño de su hogar no era un riesgo peculiar de su trabajo como vendedor de valores. La exclusión del Art. 2 tiene el propósito evidente de reducir los costos del sistema de compensación por accidentes del trabajo eliminando ciertos riesgos que presentan serios problemas de prueba para el asegurador. Extender la cubierta del sistema al accidente en este caso va en detrimento del Fondo del Seguro del Estado y en perjuicio de patronos y empleados. La tendencia natural hacia la compensación debe detenerse ante los claros términos de la exclusión provista en el Art. 2 de la Ley.

Concluimos que la Comisión Industrial incidió al declarar compensable el accidente sufrido por el empleado lesionado Sr. Roberto Lozano Lautier al resbalar y caerse en el baño de su residencia. En consecuencia, *se revocará y dejará sin efecto la resolución dictada por la Comisión Industrial de Puerto Rico objeto de este recurso, y se le ordenará que dicte otra confirmando la resolución del Administrador del Fondo del Seguro del Estado.*