Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| CARMEN M. ORTIZ MIRANDA<br><br>LESIONADA RECURRIDA<br><br>COMISIÓN INDUSTRIAL DE PUERTO RICO<br><br>RECURRIDA<br><br>Vs.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>RECURRENTES | KLRA202200302 | *REVISIÓN ADMINISTRATIVA* procedente de la Comisión Industrial de Puerto Rico<br><br>Caso Núm.<br>C.I.: 06-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-02<br>C.F.S.E.:04-15-06283-3<br><br><br>Sobre:<br><br>CONDICIÓN ORGÁNICA |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Brignoni Mártir y el Juez Ronda del Toro.

Brignoni Martir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico a 31 de mayo de 2023.

El Administrador de la Corporación del Fondo del Seguro del Estado (CFSE o recurrente) presentó un *Recurso de Revisión de Decisión Administrativa* en el que solicita que revoquemos la *Resolución en Reconsideración* emitida por la Comisión Industrial de Puerto Rico (Comisión o recurrida) el 5 de mayo de 2022 y notificada el 12 de mayo de 2022. En la referida determinación la Comisión declaró *Ha Lugar* la solicitud de reconsideración de Carmen M. Ortiz Miranda. En consecuencia, revocó la decisión de la CFSE y resolvió que la condición de enfermedad temporomandibular que presenta guarda nexo de causalidad con su trabajo. A su vez ordenó que se le brinde la protección dispuesta en la Ley del Sistema de Compensaciones por Accidentes de Trabajo, *infra.*

Por los fundamentos que expondremos a continuación se *confirma* la determinación administrativa recurrida.

Número Identificador

SEN2023 _____

I

El 3 de mayo de 2004 Carmen M. Ortiz Miranda (señora Ortiz o recurrida) sufrió una caída mientras laboraba para la Administración de Corrección como secretaria administrativa, por lo que se reportó a la CFSE. El 26 de enero de 2009 la CFSE emitió una *Decisión del Administrador sobre: relación causal* en la cual determinó, entre otros asuntos, que la enfermedad temporomandibular de la señora Ortiz era un hallazgo incidental no relacionado, agravado, acelerado o precipitado por el accidente reportado, ni era de origen laboral.[1]

Según surge del expediente la señora Ortiz presentó varias una *Apelaciones* ante la Comisión.[2] En lo aquí pertinente, la Comisión celebró vista pública el 30 de noviembre de 2021. El 3 de diciembre de 2021 el Oficial Examinador que celebró la vista sometió un *Informe*, con determinaciones de hecho, recomendado que se confirmara la decisión del Administrador de la CFSE y se ordenara el cierre y archivo del caso.[3] El 14 de diciembre de 2021, la Comisión emitió una escueta *Resolución*, sin hacer referencia al *Informe,* en la que se limitó a confirmar la decisión de la CFSE de que la condición temporomandibular de la señora Ortiz no guarda nexo de causalidad con su trabajo.[4]

La señora Ortiz solicitó reconsideración a la Comisión alegando que había una relación causal entre su enfermedad temporomandibular y la caída que sufrió en el trabajo.[5] Planteó que puede darse el caso que la condición que sufre se inflamara a consecuencia del trauma sufrido. Con ello argumentó que ante la duda razonable de que su condición se agravó el derecho exige resolver a su favor. De otro lado indicó que la resolución carecía de determinaciones de hechos y conclusiones de derecho en contravención al ordenamiento jurídico.  La Comisión acogió la solicitud de

---

[1] Véase *Apéndice* del recurso de *Revisión Administrativa,* págs. 1-2.
[2] A solicitud nuestra la Comisión Industrial sometió copia certificada del expediente administrativo el 17 de mayo de 2023.
[3] Véase *Apéndice* del recurso de *Revisión Administrativa,* págs. 6-13.
[4] Emitida el 14 de diciembre de 2021 y notificada el 13 de enero de 2022. Véase *Apéndice* del recurso de *Revisión Administrativa,* págs. 4-5.
[5] Sometida el 2 de febrero de 2022. Véase *Apéndice* del recurso de *Revisión Administrativa,* págs. 4-5.

reconsideración y ordenó a la CFSE que se expresara al respecto.[6] La CFSE presentó su *Oposición a Moción de Reconsideración.*[7] A su vez, el Oficial Examinador que presidió la vista pública sometió un proyecto de resolución en el cual incluyó determinaciones de hechos y conclusiones de derecho y recomendó que se denegara la solicitud de reconsideración de la lesionada.[8]

Con posterioridad, la Comisión emitió una *Resolución en Reconsideración* en la cual rechazó la recomendación del Oficial Examinador.[9] Al así resolver la Comisión formuló las siguientes determinaciones de hecho y conclusiones de derecho que, a su juicio, el Oficial Examinador omitió en su proyecto de resolución:

> Omite el Oficial Examinador en sus Determinaciones de Hecho lo siguiente:
>
> Declaración de la Perito de la Comisión Industrial, Dra. Roselynn Martínez Olivieri, quien declaró a preguntas del abogado de la parte obrera sobre si la condición preexistente temporomandibular se pudo agravar por el accidente, ésta respondió no lo puedo decir porque eso no está citado por el doctor Oppenheimer, Perito Acupunturista que trató la condición en el fondo.
>
> Luego contestó sobre si tiene <u>duda razonable</u>, que sí, que era correcto. La doctora Martínez Olivieri estableció **en dos ocasiones,** a preguntas de la representación legal de la lesionada que tenía <u>duda razonable</u> si la caída pudo agravar la condición temporomandibular.
>
> Este dato surge del Informe de la Vista Pública celebrada el 30 de noviembre de 2021 y es traído en la reconsideración por la representación legal de la parte obrera.
>
> En el Proyecto de Resolución en Reconsideración que se nos somete no hay discusión sobre el mismo a pesar de que es señalado en la Reconsideración.
>
> Para poder ejercer nuestra función de validar las recomendaciones que preparan los Oficiales Examinadores este Comisionado tiene que ver el análisis y la discusión de los puntos en conflicto en la evidencia y testimonios.
>
> A preguntas de la representación legal del Asegurador sobre si no hay evidencia de que hubo agravación de esa condición, la respuesta fue eso es correcto (ver la resolución sin determinaciones de hechos, notificada el 13 de enero de 2022 – página 4).
>
> En el Proyecto de Resolución que rechazáramos, el Oficial Examinador en su determinación de hechos número 10 indica, que la Dra. Roselyn Martínez Olivieri, Perito de esta Comisión, expresó que la condición temporomandibular de la reclamante puede agravar la condición aceptada de esguince

---

[6] Véase *Apéndice* del recurso de *Revisión Administrativa,* págs. 19.
[7] Véase *Apéndice* del recurso de *Revisión Administrativa,* págs. 20-23.
[8] Véase *Apéndice* del recurso de *Revisión Administrativa,* págs. 26-30.
[9] Emitida el 5 de mayo de 2022 y notificada el 12 de mayo de 2022.

cervical, pero que no es como tal que el accidente la agravó. Sigue expresando la Dra. Martínez Olivieri, siendo así, <u>no hay relación directa con el accidente</u>.

Estas partes aisladas del testimonio de la Dra. Roselyn Martínez Olivieri da la impresión de que ella concluye, sin duda razonable, alguna que no hay relación entre la condición temporomandibular con la caída reportada que ocasionó un esguince cervical, y obligó al acupunturista del Fondo a tratar la condición, con acupuntura. Un análisis mas detenido de las partes omitidas demuestran lo contrario.

Esa parte del testimonio de la Dra. Martínez Olivieri es una donde ella misma expresa que **se refiere a una relación causal directa con el accidente**; ahora bien, esa no es la labor de esta Comisión al atender los casos de relación causal.

Establecido claramente que en su testimonio la Dra. Martínez Olivieri, no encontró **relación causal directa** en los documentos y en el récord médico del Asegurador.

En esta nuestra Resolución, establecimos que a preguntas de la representación legal de la parte obrera, esta aceptó tener dudas razonables. Cuando fue confrontada con la sucesión de eventos, donde se le preguntó si una caída traumática que causa un esguince cervical que el mismo se agrava por una condición temporomandibular pre existente, si ella puede decir, sin lugar a dudas, ésta no puedo agravar la condición preexistente temporomandibular, lo cual aceptó que no.

Por tal, admite su duda razonable.

El Proyecto de Resolución en Reconsideración omite este último punto sin discutirlo.

…

Desde nuestro análisis, cuando la doctora Martínez Olivieri establece que no hay evidencia sobre agravación, lo dice porque el doctor Oppenheimer no establece la agravación de la condición temporomandibular por la caída, si no lo contrario.

Ahora bien, eso no puede eliminar su testimonio de que tiene duda razonable; si una caída afectó la condición cervical puede agravar la condición temporomandibular.

Al discutir el conflicto en este peritaje, tenemos que concluir utilizando el caso <u>Ortiz Calderón v. Comisión Industrial</u>, 90 D.P.R. 387.

…

Aplicando la Normativa de nuestro más alto foro a los testimonios vertidos en la Vista pública es forzoso concluir que la búsqueda de una relación causal directa con el accidente o una etiología médica explicada en el récord médico no esta presente en la prueba, mas sin embargo, no hay lugar a dudas en la mente de este comisionado que la secuencia de eventos en este accidente causa una duda razonable en nuestra Perito y en nuestro juicio como juzgador que nos lleva a relacionar la condición mandibular. (Énfasis en el original).

En atención a lo anterior, la Comisión declaró *Ha Lugar* la moción de reconsideración de la señora Ortiz, revocó la decisión de la CFSE y determinó que la condición temporomandibular de la lesionada estaba

relacionada al trabajo. Con ello ordenó que la CFSE le brindara la íntegra protección de la Ley, entre otras disposiciones.

En desacuerdo la CFSE presentó el recurso de revisión administrativa que nos ocupa en el cual señala que:

**Erró la Honorable Comisión Industrial al determinar que la enfermedad temporomandibular de la lesionada guarda nexo de causalidad con su trabajo.**

**Erró la Honorable Comisión al ordenar a la CFSE que le brinde la íntegra protección de la ley a la lesionada.**

Transcurrido el término reglamentario para que la parte recurrida presentará su alegato en oposición al recurso sin que ésta compareciera, resolvemos la controversia de conformidad con el marco jurídico esbozado a continuación.

II

A.

En nuestro ordenamiento jurídico las decisiones de las agencias administrativas gozan de la mayor deferencia por los tribunales. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821 (2012). Esta norma de deferencia se basa en que las agencias son las que cuentan con conocimiento especializado en los asuntos que les han sido encomendados, así como con vasta experiencia en la implantación de sus leyes y reglamentos. *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010); *Camacho Torres v. Admin. para el Adiestramiento de Futuros Empresarios y Trabajadores*, 168 DPR 66 (2006). Es por ello que tales determinaciones tienen a su favor una presunción de legalidad y corrección que debe respetarse. *DACo v. AFSCME*, 185 DPR 1, 26 (2012); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744 (2012).

Las determinaciones finales de las agencias administrativas son revisadas en este Tribunal de Apelaciones mediante el recurso de revisión administrativa. El estándar de revisión de este tipo de recurso está fundamentado en el principio rector de la razonabilidad; es decir, se

examina que la agencia no haya actuado de manera arbitraria o ilegal, o de forma tan irrazonable que sea considerado un abuso de discreción. *Rolón Martínez v. Caldero López*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía*, 196 DPR 606, 626 (2016). En este sentido, la revisión judicial se limita a examinar: 1) si el remedio concedido fue razonable; (2) si las determinaciones están sostenidas con evidencia sustancial; y (3) si erró la agencia al aplicar la ley. *Asoc. Fcias. v. Caribe Specialty et al. II*, supra, pág. 940; véase, además, Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), 3 LPRA sec. 9675.

No obstante, la deferencia judicial cede cuando la actuación administrativa es irrazonable o ilegal y ante interpretaciones administrativas que conduzcan a la comisión de injusticias. *Asoc. Fcias. V. Caribe Specialty II*, supra, pág. 941. Así, para impugnar la razonabilidad de una determinación o demostrar que la evidencia que obra en el expediente administrativo no es sustancial, es necesario que la parte recurrente señale la prueba en el récord que reduzca o menoscabe el peso de tal evidencia. *Domínguez v. Caguas Expressway Motors, Inc.*, 148 DPR 387, 398 (1999). La evidencia sustancial es la prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Rolón Martínez v. Caldero López*, supra, pág. 36.

De otro lado, las conclusiones de derecho de la agencia son revisables en todos sus aspectos, sin sujeción a norma o criterio alguno*. Rebollo v. Yiyi Motos,* 161 DPR 69, 77 (2004). Aun así, debemos dar deferencia a las interpretaciones que los organismos administrativos hacen de las leyes y reglamentos que administran. Ante casos dudosos, donde pueda concebirse una interpretación distinta de estas leyes y reglamentos, la determinación de la agencia merece deferencia sustancial. *Torres Santiago v. Depto. de Justicia,* 181 DPR 969, 1002 (2011).

B

La Constitución de Puerto Rico establece que todo trabajador tiene el derecho de estar protegido contra riesgos para su salud o integridad personal en su trabajo o empleo. Art. II, Sec. 16, Const. PR, LPRA, Tomo 1. Cónsono con dicha garantía constitucional la *Ley del Sistema de Compensaciones por Accidentes del Trabajo*, Ley Núm. 45 de 18 de abril de 1935, según enmendada, 11 LPRA sec. 1 *et seq.*, (Ley 45) dispone como política pública que los obreros y empleados que sufran lesiones, se inutilicen o mueran como consecuencia de accidentes ocurridos en sus trabajos, tendrán derecho a un remedio económico y médico para compensar la incapacidad productiva que sobreviniere como consecuencia de un accidente o una enfermedad ocupacional. *Saldaña Torres v. Mun. San Juan*, 198 DPR 934, 942 (2017); *Padín v. Cía. Fom. Ind.*, 150 DPR 403, 411 (2000).

La Ley 45 establece un esquema de seguro obligatorio que tiene como propósito proveerle a los obreros que sufren alguna lesión o enfermedad que ocurra en el curso del trabajo y como consecuencia del mismo, un remedio rápido, eficiente y libre de las complejidades de una reclamación ordinaria en daños. *Cátala v. FSE*, 148 DPR 94, 99 (1999); *Pacheco Pietri y otros v. ELA y otros*, 133 DPR 907, 914 (1993).

La protección brindada en este estatuto se extiende a lesiones sufridas como consecuencia de accidentes de trabajo. Para evaluar qué constituye un accidente de trabajo, se han establecido los siguientes requisitos: (1) provenir de cualquier acto o función del obrero; (2) ser inherente al trabajo o empleo que desempeña el obrero; (3) ocurrir en el curso del trabajo; y (4) ser consecuencia de éste. *Lebrón Bonilla v. E.L.A.*, 155 DPR 475, 483-484 (2001).

Un accidente de un empleado u obrero será compensable si existe un nexo o relación causal entre la lesión o enfermedad sufrida y el trabajo. Por ello, el accidente debe estar causalmente ligado a un acto o función del obrero, que es inherente al trabajo y debe ocurrir en el curso del empleo.

*Cátala v. FSE*, supra, pág. 100; *Admor., FSE v. Comisión Industrial*, 101 DPR 56, 58 (1973). Corresponde a la parte que solicita la compensación demostrar que el accidente sufrido está cobijado bajo la Ley 45. *Lebrón Bonilla v. E.L.A.,* supra. Si se establece que el accidente está relacionado con el empleo, le corresponde a la CFSE asumir la responsabilidad de ofrecer tratamiento médico y compensar al obrero sin derecho a reembolso alguno. *Saldaña Torres v. Mun. San Juan*, supra, pág. 943; *Sevilla v. Municipio Toa Alta*, 159 DPR 684, 690 (2003).

Ahora bien, la Ley 45 es un estatuto de carácter reparador con fines remediales y como tal ha de interpretarse de manera liberal y favorable al obrero. Art. 2, 11 LPRA sec. 2. Es por ello que, si existe alguna duda razonable tocante a la relación causal entre la lesión, incapacidad o muerte y el trabajo, esta se resolverá a favor del obrero. *Íd.*; *Ortiz Pérez v. FSE*, 137 DPR 367, 373-374 (1994). Es decir, si al considerar los hechos, circunstancias y todos los elementos de juicio, el récord no demuestra de manera convincente y sin lugar a dudas que no existe una relación de causalidad entre el trabajo del empleado y su incapacidad o muerte, se produce un estado de duda razonable que requiere compensar. *Ortiz Candelario v. Comisión Industrial*, 90 DPR 387, 407 (1964).

Si el obrero o sus beneficiarios, no estuviesen conformes con la decisión dictada por el Administrador de la CFSE pueden apelar ante la Comisión Industrial dentro de un término de treinta (30) días después de haber sido notificados con copia de la decisión, donde el caso se referirá a un oficial examinador. Art. 9, 11 LPRA sec. 11. La Comisión Industrial tendrá una función cuasi judicial para la investigación y resolución de todos los casos de accidentes en los cuales la CFSE y el empleado lesionado o sus beneficiarios, no llegasen a un acuerdo con respecto a la compensación y en el ejercicio de sus funciones representará solamente el interés público. Art. 6, 11 LPRA sec. 8.

III

En su recurso la CFSE alegó que la Comisión erró al relacionar una condición preexistente de la lesionada a pesar de que no había evidencia en el expediente administrativo que demuestre su agravación por el accidente sufrido. Sostuvo que el Oficial Examinador que presidió la vista y aquilató la prueba, recomendó en dos ocasiones que se confirmara la decisión de la CFSE. Alegó que la Dra. Martínez, quien fungió como perito médico de la Comisión, declaró en más de una ocasión que no había evidencia de que hubo una agravación de la condición temporomandibular. De otro lado, indicó que la figura de duda razonable no aplica ya que la lesionada ni siquiera demostró la existencia o agravación de una condición preexistente. Señaló, además, que de la prueba vertida tampoco surgió ninguna recomendación médica ni evidencia de que la lesionada necesitara que se le otorgara la íntegra protección de la ley, o sea, de que se le diera tratamiento y se le pagaran dietas y/o compensación. A su juicio lo que se probó es que la condición resolvió, por lo que no amerita que la lesionada sea devuelta a la CFSE para la integra protección de la ley.

Al analizar la discusión de los señalamientos de error resulta claro que la CFSE alega en esencia que las determinaciones de hecho de la Comisión no están sostenidas por la prueba y que en cambio las formuladas por el Oficial Examinador en el proyecto de resolución son las correctas. Enfatiza que la Comisión determinó que la enfermedad temporomandibular de la lesionada estaba relacionada con su trabajo, sin que hubiera prueba de ello en el expediente y en contravención a lo declarado por la Dra. Martínez Olivieri en la vista pública. Ahora bien, a pesar de que la CFSE impugna la apreciación y suficiencia de la prueba para sostener la resolución en reconsideración emitida por la Comisión, no presentó una trascripción de la prueba oral vertida en la vista pública. La CFSE tampoco señaló otra evidencia en el expediente administrativo, que menoscabe la determinación recurrida.

Según surge del expediente durante la vista se presentó el testimonio del Dr. José Zayas León, perito médico de la CFSE y de la Dra. Roselynn Martínez Olivieri, perito médico de la Comisión. La CFSE alega en su recurso que la Dra. Martínez Olivieri declaró en varias ocasiones que no había evidencia de que hubo una agravación de la condición temporomandibular por el accidente sufrido. Sin embargo, la Comisión determinó en la *Resolución en Reconsideración* que la doctora declaró en dos ocasiones que tenía duda razonable sobre si la condición de la lesionada se agravó con la caída. Adviértase que esta determinación de hecho es cónsona con la realizada por el Oficial Examinador en el *Informe* sometido el 3 de diciembre de 2021, a saber:

> El licenciado Torres Rivera [abogado de la lesionada] indicó que la Ley reconoce que cuando hay una condición preexistente, aunque no esté relacionada con el trabajo, pero ocurre un accidente, en este caso ocurrió uno traumático porque es una caída. Pregunto si esa condición preexistente que es la que es la temporomandibular se agravó en virtud de ese accidente.

> La doctora Martínez Olivieri respondió que no se lo puede decir porque eso no está citado en el momento que el doctor Oppenheimer la evaluó. Dicho doctor nada más dijo que esto le puede ocasionar, pero no dijo que se agravó o que lo ocasionó.

> El licenciado Torres Rivera preguntó si entonces tiene una duda razonable sobre ese particular.

> La doctora Martínez Olivieri respondió que eso es correcto, porque está ante un documento de un especialista que la evaluó que no fue ella.

> El licenciado Torres Rivera manifestó que eso es lo que establece la Ley que si hay una duda razonable, entonces es razonable pensar, valga la redundancia, que está relacionado. En este caso es uno del 2004, o sea, tiene dieciséis años.[10]

> La doctora Martínez Olivieri indicó que eso es correcto.

Por consiguiente, ante la ausencia de evidencia suficiente que derrote la presunción de corrección que cobija la determinación de la Comisión, concluimos que no se cometieron los errores señalados*.*

---

[10] Véase *Apéndice* del recurso de *Revisión Administrativa,* pág. 9.

Considerando como cierta la determinación de la Comisión en cuanto a que su perito, la Dra. Martínez Olivieri, declaró en la vista pública que tenía duda razonable sobre si la caída pudo agravar la condición temporomandibular de la señora Ortiz, nos resulta forzoso concluir que la determinación recurrida es conforme a derecho. Esto ya que, nuestro ordenamiento dispone que, en armonía con el carácter reparador de la Ley 45, de haber duda razonable en cuanto a la relación causal entre una condición y un accidente de trabajo, se resolverá a favor del obrero.

IV

Por los fundamentos antes expuestos *confirmamos* la *Resolución en Reconsideración* emitida por la Comisión Industrial de Puerto Rico en el caso de Carmen M. Ortiz Miranda.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones